HAHN & COMPANY *et al.* *v.* ALLEN *et al.*

1. Where one member of a mercantile partnership, in due course of the partnership business, executes and delivers in the name of the firm a promissory note in which all rights of homestead and exemption are expressly waived, the waiver is binding on all the members of the firm, so far as the personal property belonging to the firm is concerned, and no member is entitled to an exemption

out of the money arising from a sale of such property by a duly appointed receiver, as against a judgment or decree founded on such a note.

2. Where the ordinary is made a party to a pending petition filed under the "trader's act" against an insolvent partnership, and claims, by virtue of an exemption allowed one of the partners and for the purpose of investment under the provisions of section 2016(a) of the code, money in the receiver's hands, the same being some of the proceeds of personalty belonging to the partnership, such ordinary is not entitled to any of the fund before the payment of all the expenses of raising the cash, including the reasonable fees and clerk hire of the receiver, and the reasonable fees of the attorneys by whose services the fund was brought into court.
March 26, 1894. Argued at the last term.

Equitable petition. Before Judge HENRY. Floyd superior court. March term, 1893.

A creditors' petition under the trader's act was filed on August 1, 1892, against Allen & McOsker, and a receiver was appointed. He filed a report showing $2,694.25 cash in hand, arising from the sale of defendants' property consisting of their stock of goods and notes and accounts due them as partners. On November 7, 1892, defendant Allen filed with the ordinary his application for homestead, including in his schedule the sum of $1,470 as cash in the hands of the receiver. The application was passed on and allowed by the ordinary, who served the receiver with notice claiming the $1,470 for investment as part of the homestead exemption. The ordinary was made a party to the present case, praying that the receiver be required to pay over that amount to him to be so invested. The cause was submitted to the court without a jury. It was ordered, that after payment of $219.92 expenses paid by the receiver before the application for homestead, $266.61 taxes, and $202.50 to attorneys for mortgage creditors, the sum of $991.46 be paid to the ordinary for the use of the homestead, this sum being half the fund in the receiver's hands after deducting the three payments just mentioned, and $225 arising from the sales of mortgaged

property. The balance of the fund was applied, respectively, to court costs, receiver's fees and clerk hire, fees of receiver's attorneys and of attorneys for creditors filing the petition, laborer's lien, and the several judgment creditors according to their dates. Plaintiffs excepted, alleging that the court erred, in holding that one partner in the course of partnership business could not waive homestead for the other partner in the partnership assets, for the purpose of securing a partnership debt, and that a partner could take a homestead out of undivided partnership assets, the same being personalty in the hands of the court for administration under a creditors' petition filed before the application for homestead, without the consent of the other partner; and in ordering said amount to be paid to the homestead, without first deducting the receiver's fees, his clerk hire, and the fees of the creditors' attorneys filing the petition under which the fund was brought into court. The evidence showed, among other things, that some of the creditors held judgments founded on promissory notes signed by McOsker in the firm name of Allen & McOsker, which notes contained a waiver of all rights of homestead and exemption; and that the debts due plaintiff were incurred in the regular course of the partnership business.

DEAN & SMITH, C. A. THORNWELL and J. W. EWING, for plaintiffs. McHENRY, NUNNALLY & NEEL and G. & W. HARRIS, for defendants.

LUMPKIN, Justice.

1. In *Harris et al.* v. *Visscher et al.*, 57 *Ga.* 229, this court decided that each member of a partnership could take a homestead in partnership land, the same being assigned to them severally in separate parcels; and that a prior creditor of the partnership, on reducing his debt to judgment, could not enforce it over the homestead

right. The correctness of this decision will readily appear when it is remembered that, under our system, the title to land owned by a partnership vests, not in the partnership itself, but in the partners individually as tenants in common.

In *Blanchard, Williams & Co.* v. *Paschal*, 68 *Ga.* 32, this court went a step further, and decided that one partner was entitled to an exemption set apart out of the personal property belonging to the firm, the idea upon which the decision was based being that the assets of a partnership belonged to the individuals composing the firm. We are aware that this decision is not in harmony with the decisions of other courts upon this question, but we are content with the law as it has been settled by this court. After an elaborate discussion of the whole matter, Judge Thompson, in his work on Homesteads, upholds the view taken by our court. He says: "We have, then, in favor of the rule of allowing either to a partnership firm or to the individuals composing it the exemption fixed by statute, out of the partnership assets, in case there are not sufficient personal assets, a principle of construction which seems obvious and irrefutable, namely, that, if the debtor has any interest in property, be it real or personal, which, under the general law, the creditor can subject to the satisfaction of his debt, the statute of exemptions will step in and secure a defined portion of it to the debtor. Against this plain principle we have a rule of convenience merely, supported by a preponderance of authority, but confessedly 'based upon the idea that the exemption here under consideration is several, personal, and individual, as well in regard to the property to which it applies as to the right conferred; and also upon the impracticability of giving it the application sought, growing out of the nature of partnership property and the relation of partners to each other and to creditors,'—an im-

practicability which, in the belief of the writer, is more fanciful than real." Thompson on Homesteads and Exemptions, §216.

This court, however, has never yet decided that where one member of a mercantile partnership, in due course of the partnership business, executes and delivers in the name of the firm a promissory note waiving therein all rights of homestead and exemption, such waiver is not binding on all the members of the firm, so far, at least, as the personal property belonging to the firm is concerned. We think such a waiver is binding on all the members, and that no one of them is entitled to an exemption out of the personal assets of the partnership, or the proceeds of the same, as against a judgment or decree founded on a note of this kind. Any member of a partnership, unless restricted by the terms of the partnership contract, has a right, for the purpose of securing a debt due by the partnership, to mortgage its goods, or to execute a bill of sale to the same; and it is also the right of any member to sell outright the goods of the firm, either to raise money to pay its indebtedness, or for any other purpose arising in due course of the partnership business. *First National Bank of Gainesville* v. *Cody et al.*, last term (*ante*, 127). The authority of a partner to thus dispose of the personal property of the firm grows out of the doctrine of agency. Each active partner is necessarily an agent of his copartners for the transaction of the lawful business of the firm. The general rule on the law of agency, and the exceptions to it, are thus stated by Mechem: "It may be stated as a general rule that an agency may be created for the transaction of any lawful business, and that whatever a person might lawfully do, if acting in his own right and in his own behalf, he may lawfully delegate to an agent. In dealing with this general rule, two principles are important to be considered. One of them results as the direct

and natural effect of the rule itself; the other is an exception to it. These are, 1. That authority cannot be delegated to do an act which is illegal, immoral or opposed to public policy; and 2. That the performance of an act which is personal in its nature cannot be delegated." Mechem on Agency, §§18, 19. We see no reason why this general rule, which is often more tersely stated: *qui facit per alium facit per se:* may not, subject to the exceptions stated, be applicable in case of a partnership. Assuming it to be so, our question becomes free from much of the difficulty apparently involved in it. If an individual sells his property outright, it is absolutely certain that he has no longer any shade of right to an exemption out of the property sold; or if he executes a bill of sale to secure a debt, he cannot have an exemption out of the property covered by the bill of sale, as against that debt. If, then, a partner, by reason of his relations to the firm and of his agency for his copartners, may divest the partnership of its title to its personal assets, and thus defeat the rights of himself and his copartners to an exemption out of the same, why may he not do likewise by waiving the exemption right in that property, both of himself and them? The greater power necessarily includes the less. If he can put the property absolutely beyond the control of the partnership and all its members, we think he certainly has the right to bind each member of the firm by a contract made in its behalf not to claim the benefit of an exemption out of it. In making the waiver, he does nothing illegal, immoral, or opposed to public policy. Nor is the authority necessarily delegated to him by virtue of the partnership authority for the performance of an act personal in its nature. He has the right, within the scope of the partnership business, to deal with the personalty just as if it were his own. He has a personal undivided interest in every item of which it consists, and in dealing with

it, may put it beyond the reach, not only of himself, but also of his copartners, so far as any right to exemption is concerned.

In the present case, the goods of the firm having been properly sold by a duly appointed receiver, neither member of the firm was entitled to an exemption out of the money in the receiver's hands as against judgments founded on promissory notes of the firm containing waivers of the kind above described.

2. As against judgments not founded on debts of this kind, the exemption would be good. Whether, in the case at bar, after the satisfaction of the judgments based on "waiver notes," and of all other claims entitled to priority as to the fund in the receiver's hands, anything would be left, we are unable to say. This will have to be determined by an administration of that fund in accordance with the rules laid down in this opinion. A claim for a portion of the money in the receiver's hands is made by the ordinary by virtue of an exemption allowed one of the partners, and the claim is made for the purpose of investment under the provisions of section 2016(a) of the code. It must not be overlooked that the property itself from which this money resulted was never exempted, but the exemption specifically covers the money itself after the receiver realized it from the sale of the partnership goods. We therefore entertain no doubt that, before any exemption could be allowed out of this fund, it is chargeable with all the expenses necessarily and properly incurred in raising the fund by converting the property into cash; and these expenses, in our opinion, include reasonable fees and clerk hire for the receiver, and also reasonable fees of the attorneys by whose services the fund was brought into court. The fund itself having been created by the services of the receiver, his clerk and the attorneys, their claims upon it are of the highest dignity, and entitled

to recognition in preference to the claim of the ordinary, based upon the exemption. Indeed, there is no fund upon which the exemption can take effect, until these several charges shall have been satisfied.

*Judgment reversed.*