## PERRY *v.* BRITT-CARSON SHOE COMPANY.

1. A waiver of homestead and exemption, contained in a note signed by one partner, in the partnership name, is effectual as against the separate property of the partner signing the note.
2. The rulings in *Bell* v. *Dawson Grocery Co.,* 120 *Ga.* 628, are controlling upon the other issues involved in this case; and the court committed no error in granting the injunction as prayed.

Submitted July 1.—Decided November 15, 1907.

Injunction. Before Judge Littlejohn. Stewart superior court. January 30, 1907.

Turner & Perry, a partnership, being indebted to the Britt-Carson Shoe Company for merchandise in the sum of $500, made and executed to that company two promissory notes for $250 each, containing waivers of their rights to homestead and exemption under the constitution and laws of Georgia and of the United States. These notes were signed by Perry, one of the partners, in the name of the partnership, Turner & Perry. Subsequently Turner & Perry were, upon the application of certain creditors, adjudicated bankrupt by the proper court of bankruptcy. It appears from the agreed statement of facts that the indebtedness of said firm was $5,200, and its assets amounted to $2,298. It was also agreed that said $2,298 was all the assets of Turner and Perry, as a firm or as individuals, except the amounts which were set apart as an exemption to said parties out of their individual property. Certain property of the value of $1,400, consisting of an undivided one-half interest in 344 acres of land, belonging to Perry individually, was set apart to him as an exemption by the court of bankruptcy. The property set apart to Turner as an exemption con-

sisted in household and kitchen furniture and a buggy, of the total value of $250. The Britt-Carson Shoe Company did not prove its claim in bankruptcy, but, after the exemption to Perry had been set apart, filed in the superior court an equitable petition against Perry, in which it alleged the facts stated above, and prayed a judgment in rem against the property set apart to Perry as an exemption, and also prayed that Perry be enjoined from selling, encumbering, or otherwise disposing of said property, until a judgment for the amount of the indebtedness on said notes could be obtained. To this petition the defendant demurred on the grounds, that there is no cause of action set forth in the petition; that the plaintiff does not show by the petition that Perry has ever waived the right to claim homestead or exemption out of his individual property; and that .the plaintiff has no right to proceed against the individual property of this defendant until they have first exhausted their rights and remedies against the assets of the partnership. The court granted the injunction restraining Perry from selling, encumbering, or otherwise disposing of the undivided one-half interest in the 344 acres of land, which had been set apart to him as an exemption, until the further order of the court. Perry excepted.

*G. Y. Harrell,* for plaintiff in error.

*Slade & Swift* and *T. T. James,* contra.

BECK, J. (After stating the facts.) The notes held by the plaintiff were signed by one of the partners, Perry, in the name of the partnership, Turner & Perry. And it is contended by counsel for plaintiff in error that the waiver contained in the notes will not prevent the members of the firm from claiming an exemption out of their individual property. As applied to Turner, this contention seems to be well taken. "One partner can not waive the other's right to take a homestead out of the individual property of the latter." *Giles* v. *Vandiver,* 91 *Ga.* 192. But as to Perry, who signed the notes in the firm name, another rule prevails. A case involving this same point was adjudicated by the Supreme Court of Alabama, where it was held that, "The note containing such waiver being signed by one partner in the partnership name, without authority of his copartner, the waiver was effectual against him and his individual property, though it does not bind his copartner." See also, in this connection, Lippman v. Annis-

ton National Bank, 120 Ala. 123, 74 Am. St. R. 28; 22 Am. & Eng. Enc. Law (2d ed.), 153; 18 Cyc. 1452.

The plaintiff did not prove its claim in the court of bankruptcy, and it is admitted in the agreed statement of facts that the indebtedness of the firm of Turner & Perry greatly exceeds its assets, which are being administered by the court of bankruptcy. There is no partnership property, therefore, against which the plaintiff can proceed either in law or in equity. This, then, gives the plaintiff a right to rely upon the separate property of the partners for the payment of their notes. Civil Code, §2627. The defendant Perry, one of the partners, has $1,400 worth of property set apart to him, as an exemption, out of his separate property. And, as we have seen above, he has waived that exemption as against the payment of these notes. This being established, the rulings in *Bell* v. *Dawson Grocery Co.*, 120 *Ga.* 628, are controlling in the present case; and therefore we hold that the court committed no error in granting the injunction as prayed.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*