## WINKLES *v.* SIMPSON GROCERY COMPANY.

1. One who is clerk and general manager of a mercantile firm may, if authorized by the firm, sign notes to creditors of the firm in the firm name, binding the latter to pay the sum of money specified therein.

(*a*) But where such notes contain a waiver of homestead, such waiver is not binding upon the partnership, or the individual members composing the same, unless such clerk or general manager has express authority to make such waiver. The right of homestead is personal to the debtor, and no one can waive the right for him without his consent.

(*b*) Such a waiver of homestead, even if authorized by the firm, or by the individual members thereof, is not good as a matter of contract merely, or per se, as against a claim filed under a homestead to realty set apart to one of the members of the partnership by the United States court of bankruptcy.

(*c*) Partners in a mercantile firm are mutual agents for each other with reference to the conduct of the mercantile business in which they are engaged, and by virtue of this relation can give a firm note for the firm debt.

(*d*) Each partner can waive the homestead for himself and for his partner as to personal property belonging to the firm.

(*e*) But one partner can not, by signing a note given to a creditor for a firm debt, waive the homestead as to real estate belonging to another partner, or authorize any one else to do so, without express authority from the other partner.

2. One member of a partnership against which, and against each member individually composing the firm, an execution has been issued in favor of a judgment creditor, and levied upon land belonging to one of the members of the firm individually, is not estopped from setting up a claim under a homestead in said land, as the head of a family, where it does not appear that on the trial of the case in which the judgment was rendered the question of waiver of homestead in the notes sued on was adjudicated.

(a) Nor would such claimant be estopped from setting up such claim because of a former verdict and judgment of the superior court, finding the same property subject to the same fi. fa., in a case where the claimant's wife had filed a claim thereto, to which case he was not a party.

(b) Where a former adjudication of the superior court is relied upon to work an estoppel against one who claims real estate, as head of a family, as being exempt from levy and sale under the homestead laws of this State, the former judgment must relate to the same question as the one on the subsequent trial, and must clearly decide it, and can not be collaterally or incidentally considered for that purpose.

(c) A note, purporting to be signed by a firm to a creditor, to cover an amount due by the former to the latter, stated the sum to be paid, and contained a waiver of homestead. Suit was brought on the note, and each member of the firm was served with a copy of the suit, including a copy of the note containing the homestead waiver. Neither partner filed any defense to the suit. No reference to the waiver of homestead was made in the pleadings, other than that the copy of the note attached to the petition contained the clause as to the homestead waiver. The judgment of the court made no reference to the waiver. It simply adjudged the amount due to the plaintiff by the defendant firm. *Held*, that that judgment adjudicated only the sum due by the defendant to the plaintiff.

(d) The judgment did not adjudicate that the firm or either member of it individually had waived homestead to realty owned by the firm, as against the payment of the firm debt.

(e) Such judgment would not estop one member of the firm from setting up a claim, under a homestead set apart to him as head of a family, to land levied upon by virtue of a fi. fa. issued in pursuance of such judgment.

(f) The court erred in refusing to grant a new trial.

AUGUST 14, 1912.

Claim. Before Judge Edwards. Polk superior court. October 23, 1911.

*Bunn & Bunn,* for plaintiff in error.

*T. W. Lipscomb, John K. Davis,* and *W. W. Mundy,* contra.

HILL, J. The claim was filed by S. J. Winkles as the head of a family, by virtue of an exemption set apart to him by the United States court of bankruptcy. The record discloses substantially the following: The Thompson-Hiles Company brought suit against S. J. Winkles & Co., a firm composed of S. J. Winkles and Mrs. M. E. Moore, on a promissory note containing a waiver of homestead. The note was ostensibly signed by S. J. Winkles & Co. This latter firm conducted a retail mercantile business in Cedartown. Mr. Tom Moore, the husband of Mrs. M. E. Moore, one of the members of the firm of Winkles & Co., was an employee of

the latter firm, and as general manager of the business did the buying and selling, and there was evidence tending to show that he signed contracts for the firm. Winkles testified that he did not expressly authorize Moore to sign the notes sued on, or to waive the homestead. According to the evidence of Moore, on cross-examination, "the notes were signed by me as manager, and Mr. Winkles was not present when I signed them. The form of note was not discussed between me and Mr. Winkles at all." When suit was brought on the notes a copy was served on S. J. Winkles. On the trial of the case, Winkles filed no defense to the suit and did not attend court. Judgment was rendered on the notes against the firm and each member thereof individually for the amount sued for. In neither the pleadings nor in the judgment of the court was any reference made to the fact that the notes contained a waiver of homestead, except that copies of the notes were attached to the petition. The fi. fa. issued upon the judgment was purchased by and transferred to the Simpson Grocery Company, and was levied, at the instance of that company, on the land in controversy here, which was claimed by Mrs. C. A. Winkles, the wife of S. J. Winkles. On the trial of the claim case the property was found subject to the fi. fa. S. J. Winkles filed his petition in bankruptcy in the United States court, and in that court the property was set apart to him, as the head of a family, as a homestead. The property having been readvertised for sale under the fi. fa. above referred to, S. J. Winkles filed a claim as the head of a family. Upon the trial of this case the court directed the jury, at the conclusion of the evidence, to find the property subject to the fi. fa. The claimant's motion for a new trial was overruled, and he excepted.

1. The partners were mutual agents for each other, and each by virtue of this relation could give the firm note for the firm debt. Civil Code, § 3180. Each could waive homestead for himself, and for his partner so far as personalty belonging to the firm was concerned. *Hahn* v. *Allen,* 93 *Ga.* 612, 616 (20 S. E. 74). But the waiver of homestead on realty, while not a lien, by analogy is held not to fall within the purview of partnership agency. One partner can not execute a note for the mercantile partnership, creating a lien on the individual real estate belonging to another partner; and such lien would not bind the other partner, if so given. If, then, one partner can not create a lien on real estate belonging to the

other partner, we think he can not waive the individual right to homestead and exemption, under the law, in real estate belonging to the other partner, for partnership debts. For, as Judge Jackson well said in the case of *Cleghorn* v. *Greeson,* 77 *Ga.* 345, "The homestead right is a right in property, and to waive it in favor of a creditor is substantially the same thing as to give it away." But assuming that the agent had authority generally to sign the firm name to the notes for the partnership debt, and that the members of the partnership were concluded by the judgment from denying his authority to sign the note so far as the amount due and the waiver of homestead as to personalty belonging to the firm were concerned, we hold that the agent could do no more than a partner could in signing the note; and one partner can not waive the homestead and exemption rights of another partner to his individual real property without an express authority from the other partner to do so. Is the waiver of homestead contained in the notes available as against Winkles's claim, merely as a matter of contract, or per se? We think not; and this answer is based upon the proposition that the homestead waiver, under the facts of this case, was not adjudicated by the judgment of the superior court, merely finding that the defendants owed the plaintiffs a certain sum of money. That is all that the judgment adjudicated. There were no pleadings putting the waiver of homestead in issue; or as to whether the claimant authorized any one to waive it for him, or, if he did, whether he was bound by it per se, individually or as a partner.

The evidence shows that Mr. Moore, who signed the notes as manager for the firm of S. J. Winkles & Co., was not a member of that firm, but simply represented as agent the partnership of which his wife was a member. He could not waive the homestead in realty belonging to an individual member of the firm, in a note executed for a partnership debt, without express authority to do so by those competent to confer that authority. It has been held in this State that "the right to homestead or exemption is personal to the debtor, the owner of the property, and its exercise, or nonexercise, is subject to his decision." *Broach* v. *Powell,* 79 *Ga.* 81 (3 S. E. 763). One partner may waive the right of homestead of the other partner, so far, at least, as personal property of the firm is concerned. *Hahn* v. *Allen,* supra. One partner can not waive the right of another partner to the benefit of a homestead out of the

latter's individual property. *Giles* v. *Vandiver,* 91 *Ga.* 193 (5), 195 (17 S. E. 124) ; *Perry* v. *Brill-Carson Shoe Co.,* 129 *Ga.* 560 (59 S. E. 216, 127 Am. St. R. 232). If, therefore, one partner can not bind the individual real property of another partner by a contract including a homestead waiver, the principle would apply with greater force to the case of one who signed a contract containing such a waiver for a firm merely as manager or agent for such firm, of which he was not a member. The claimant testified that he did not authorize the execution of the note by the manager, nor the waiver of homestead, and that he did not ratify the same. There is some slight conflict of evidence as to the authority of the manager generally to sign notes for the firm. It appeared from the evidence of the manager, on cross-examination, that "the form of the contract was not discussed between me and Mr. Winkles at all." We do not see, therefore, how the claimant is bound as a matter of contract by the waiver of homestead contained in the notes.

2. It is insisted on the part of the defendant in error, that the judgment of the superior court, based upon a note containing a waiver of homestead clause, adjudicated that the defendant firm owed the plaintiff a certain sum, and that the waiver of homestead was good as against the firm debt; that the judgment concludes the defendant, S. J. Winkles, from asserting his claim, as the head of a family, under the homestead set apart to him by the United States court of bankruptcy. It is contended, that the judgment adjudicated the entire contract, including the homestead waiver; that the defendant Winkles (now claimant) has no right to question any part of it; that he will not be heard to say that the waiver is not binding upon him, since he filed no defense to the suit upon the notes containing the homestead waiver; and that he can not avail himself of the homestead set apart to him, because of the former adjudication. It is further insisted that the former judgment in the case of Simpson Grocery Company, plaintiff in fi. fa., against S. J. Winkles & Co., defendant in fi. fa., and Mrs. C. A. Winkles, claimant, in which the property here claimed by S. J. Winkles was found subject to the fi. fa., estops the present claimant, S. J. Winkles, from setting up his claim under the homestead subsequently obtained. Is the plaintiff in error estopped by the former adjudication in the superior court, finding the property subject as against the claim of his wife, Mrs. C. A. Winkles, who had filed

a claim thereto? The present claimant, S. J. Winkles, was not a party to that suit and judgment; and while it adjudicated that the property was subject to the fi. fa. levied upon it, relatively to the wife's claim, it did not adjudicate that the property was subject to the fi. fa. after the setting apart of the homestead which was obtained by the husband after the rendition of the judgment in the wife's case. Does the former judgment based on the notes adjudicate everything contained in the note, as contended, including the waiver of the right to a homestead? From the record it appears that the trial of the former suit put in issue the question whether the defendant partners owed a certain sum of money to the plaintiffs; and that was the only issue, and to that extent the judgment was conclusive on the defendants. But the question of waiver of homestead was not put in issue, and the defendants are not concluded merely because the waiver was contained in the notes sued on. If a mortgage note was sued on simply to obtain a common-law judgment for a certain sum, which was rendered, that judgment would not be held to adjudicate anything with reference to the mortgage lien. It would only adjudicate the sum due by the defendant to the plaintiff. See *Drake* v. *Bush,* 57 *Ga.* 1. Nothing herein held is at variance with the ruling in the case of *Evans* v. *Rounsaville,* 115 *Ga.* 684 (42 S. E. 100), where it was held: "An exemption assigned and set apart by the bankrupt court under the homestead laws of this State is no more subject to levy and sale than if it had been set aside by the ordinary of a county having proper jurisdiction. No reason appears in the record why the exemption set apart was not good as against the lien of the plaintiff in execution in the present case." In that case nothing appeared going to show that the right of exemption was waived, or that the question of waiver was adjudicated at all. Nor is there anything in the case of *Johnson* v. *Davis,* 97 *Ga.* 282 (22 S. E. 911), in conflict with the ruling here made. For a judgment to act as an estoppel, it must decide the same question of which subsequent adjudication between the same parties is sought. It was held in *Evans* v. *Birge,* 11 *Ga.* 265, that "A fact which has been directly tried, and decided by a court of competent jurisdiction, can not be contested again between the same parties or their privies in the same or any other court. A judgment of a court of law, or a decree in chancery, is an estoppel to the parties thereto and their privies,.

if it relates to the same subject-matter, and decides the question now in issue. But if that question came collaterally before the court and was only incidentally considered, the judgment or decree has no estoppel. Whether the question now in issue was embraced in the judgment or decree can not be ascertained by inference, or by arguing from the judgment or decree." And see, *Woods* v. *Jones,* 56 *Ga.* 520 (2) ; *Missouri State Life Ins. Co.* v. *Lovelace,* 1 *Ga. App.* 446 (58 S. E. 93) ; *Ashley* v. *Cook,* 109 *Ga.* 653 (3), 659 (35 S. E. 89). In 23 Cyc. 1300, it is said: "The true test is identity of issues. If a particular point or question is in issue in the second action, and the judgment will depend upon its determination, a former judgment between the same parties will be final and conclusive in the second, if that same point or question was in issue and adjudicated in the first suit; otherwise not." On p. 1304 of the same volume, it is said: "The great preponderance of authority sustains the rule that the estoppel of the judgment covers all points which were actually litigated and which actually determined the verdict or finding, whether or not they were technically in issue on the face of the pleadings. But a matter is not in issue in the suit which was neither pleaded nor brought into contest therein, although within the general scope of the litigation, and although it might have determined the judgment if set up and tried." See Civil Code, § 4336; *Henderson* v. *Fox,* 80 *Ga.* 479 (6 S. E. 164) ; *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650). In so far as the record discloses, no reference was made to the waiver of homestead in the petition, judgment, or otherwise, except that copies of the notes containing the waiver of homestead were attached to the petition, and the claimant, then one of the defendants in the suit, was served with a copy of the petition, notes, waiver, etc. Defendants filed no answer putting the waiver of homestead in issue, and no judgment was rendered adjudicating the question of homestead waiver, but it only adjudicated the amount due by the defendant firm. In directing a verdict, therefore, for the plaintiff, the court must have done so on the idea that the claimant, S. J. Winkles, was estopped by the former judgment of the court from claiming an exemption. No question was raised in the present case as to the method of procedure, nor otherwise than as to whether the exemption was subject.

*Judgment reversed. All the Justices concur.*