## MOBLEY et al. v. BELCHER.

Where land set apart as a homestead, under the constitution of 1877, was levied on under a judgment rendered before the homestead was set apart, against a firm of which the head of a family was a member, and a claim was interposed by the head of the family, and a consent verdict and judgment were rendered finding a part of the land subject and directing the execution to be then transferred to the defendant in fi. fa., against whom it was proceeding (who was also the head of the family), such verdict and judgment were binding on the beneficiaries, unless successfully attacked by them. If attacked by beneficiaries as voidable for fraud, it was incumbent on the persons making such attack to sustain it.

(a) If beneficiaries of the homestead sought to recover the land which had been sold after the consent verdict and judgment as indicated in the above headnote, and their petition showed the facts indicated, it was demurrable in the absence of allegations showing that the judgment was void or voidable.

(b) No such facts were alleged.

(c) Construed in the light of the pleadings and the written consent of counsel, the verdict was not void for uncertainty on the ground that it omitted the word "subject."

(d) Under the facts stated above, the omission to file an affidavit as pro-

vided by the Civil Code (1910), § 3400, did not render the verdict and judgment and sale void.

DECEMBER 17, 1915.

Complaint for land. Before Judge Thomas. Decatur superior court. November 11, 1914.

A petition showed the following facts: A judgment was obtained and an execution issued in 1888, in favor of John B. Davis, surviving partner, against John Mobley & Brother, for a stated principal, with interest and attorney's fees. William Mobley, a member of the firm, obtained a homestead to be set apart to him as the head of a family consisting at that time of his wife and one minor child. The execution was levied on the land, and William Mobley, as the head of a family, interposed a claim. In 1895 the attorney for the plaintiff in fi. fa. and the claimant entered into a written agreement that the case should be settled by allowing the plaintiff to take a verdict finding 125 acres of the land subject, and having the execution then transferred to Mobley. A verdict was taken accordingly, except that the word "subject" was omitted; and a judgment was entered. The 125 acres of land were sold under the execution in 1898; and the defendant claims title under that sale. William Mobley died in 1904, and his widow remarried. His three minor children brought suit to recover the 125 acres from the person in possession, alleging that the verdict was void for indefiniteness, that the sale of part of the homestead property was void, that the judgment and sale were "illegal and void and a fraud on petitioners," and that the defendant was not an innocent purchaser for value without notice. The petition was dismissed on demurrer, and the plaintiffs excepted.

*S. P. Cain* and *W. V. Custer,* for plaintiffs.

*Pope & Bennet* and *M. E. O'Neal,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.) The petition was rightly dismissed. The judgment was rendered against a firm of which William Mobley was a member, before he obtained a homestead. It included stated sums for principal, interest, and attorney's fees. From this it may be inferred that it was based on a note or other promise to pay money. If so, it does not appear which member of the firm executed the promise, or whether it contained a waiver of homestead or not. If it did so, and William Mobley executed it, a homestead subsequently obtained by him was subject to the judgment. *Perry* v. *Britt-Carson Shoe Co.,* 129 *Ga.*

560 (59 S. E. 216, 121 Am. St. R. 232) ; *Winkles* v. *Simpson Grocery Co.,* 138 *Ga.* 482, 485 (75 S. E. 640). The head of the family had a right to interpose a claim to the levy, and a judgment on a claim interposed by him, finding the property subject, would bind the beneficiaries of the homestead. *Wegman Piano Co.* v. *Irvine,* 107 *Ga.* 65 (32 S. E. 898, 73 Am. St. R. 109). Whether the homestead was actually subject to the levy or not, that question was in litigation. It seems to have been a question of doubt. Indeed, the present petition does not show clearly that the homestead was not subject to the prior judgment. If an agreement to compromise such a case was made, whereby a part of the land was to be held subject and a part saved for the homestead, and if a verdict and judgment were taken accordingly, the judgment was binding on the beneficiaries. If it were voidable on account of fraud, the plaintiffs, having shown the judgment, should have alleged the fraud, and have proceeded to have the judgment set aside. They could not disregard the judgment or avoid its force, and recover the land, by merely alleging in general terms that the judgment and sale were void and operated as a fraud on their rights. *Miller* v. *Butler,* 121 *Ga.* 758 (3), (4), 761 (49 S. E. 754) ; *Anderson* v. *Goodwin* 125 *Ga.* 663 (8), 664 (54 S. E. 679). Something more than this is necessary to avoid a judgment as being procured by fraud. Though the verdict and judgment were based on an agreement, they were nevertheless a verdict and judgment of a court of competent jurisdiction, and were binding until avoided in some proper way.

Construing the verdict in the claim case in the light of the pleadings and of the agreement of the parties, and giving to it a reasonable intendment, it was not void for uncertainty, although it omitted the word "subject" (which was the ground argued in the brief of counsel for the plaintiffs in error). Civil Code (1910), § 5927.

The plaintiffs must allege facts showing a right to recover. Having shown that the execution was older than the homestead, that a claim was interposed and a consent verdict and judgment rendered subjecting that part of the land now sought to be recovered, and that a sale took place accordingly, it was incumbent upon them to show a right to disregard the judgment as void or to set it aside as voidable. They have done neither. In such a case not filing an

affidavit under the Civil Code (1910), § 3400, did not render the verdict, judgment, and sale void. Nor are the cases relied on by counsel for plaintiffs in error controlling here. The facts involved in them were different from those in the case now before us.

*Judgment affirmed. All the Justices concur.*