## LATHROP *v.* MILLER *et al.*

Under the allegations of the petition the court did not err in dismissing it on demurrer. Neither was there error under the evidence in dissolving the temporary restraining order, and in ordering the dispossessory warrant to proceed on the date named in the order.

No. 5613. APRIL 16, 1927.

Petition for injunction. Before Judge E. D. Thomas. Fulton superior court. May 27, 1926.

*Morris Macks* and *Leon C. Greer,* for plaintiff.

*Alston, Alston, Foster & Moise, Underwood & Haas,* and *W. W. Lyons,* for defendants.

HILL, J. Mrs. Willie Mae Lathrop filed her petition against William S. Miller, City Savings Bank, Piedmont Savings Co., and J. F. Lewis, deputy sheriff, to enjoin the defendants from proceeding with a dispossessory warrant sued out against her by Wm. S. Miller on the ground that she was his tenant holding over beyond her term of tenancy, and of failure to pay the rent due. The petition alleged in substance that the plaintiff was not the tenant of Wm. S. Miller, and that she was in possession of the premises in controversy under a bond for title from Miller to her; that she purchased the property from Miller for the sum of $2750, payable $300 in cash, and assuming a loan of $1500, and gave her 38 notes payable monthly for $25 each; that she paid the semi-annual interest coupons on the loan, and paid twelve of the notes, amounting to $300, and interest; that the notice for dispossession served on her by the deputy sheriff named no stated premises from which she was directed to vacate, and was therefore

Injunction, 32 C. J. p. 321, n. 52; p. 323, n. 67, 70; p. 358, n. 92; p. 360, n. 16.

void; that the City Savings Bank, under a power of sale in the security deed made to it, declared the entire loan due (although plaintiff was not in arrears for two interest coupons), and sold the property to Piedmont Savings Co., which held the notes she had given for the purchase-price of the property; that the sale was in October, 1925; that Wm. S. Miller placed a new loan of $1500 on the property in favor of City Savings Bank in December, 1925, while Miller had no title to the property; that Piedmont Savings Co. made a deed to the property in controversy to Miller in February, 1926, and Miller then placed another loan on the property in favor of Piedmont Savings Co. for $1400; that, owing to plaintiff's poverty, she was unable to make a bond to resist the dispossessory warrant; that all of the defendants had perpetrated both legal and actual fraud upon her and had damaged her in the sum of $2000; that the several transactions set out above, to which all of the defendants, except the sheriff, were parties, constitute the fraud; and that Wm. S. Miller is insolvent. Plaintiff prays for a cancellation and rescission of the entire contract, and that she recover the money she has paid, besides damages in the sum of $2000. The defendants filed their answers, admitting certain of the allegations of the petition, denying others, and averring that for want of sufficient information they could neither admit nor deny certain other paragraphs of the petition. City Savings Bank and Piedmont Savings Co. filed general demurrers. Evidence was introduced on both sides; after which the court passed an order denying the injunction prayed for, and dismissing the petition except as to Wm. S. Miller, but sustaining the general demurrers, as above stated, and ordering the sheriff to proceed to evict the plaintiff under the dispossessory warrant and notice, by a stated time. To this ruling the plaintiff excepted.

We are of the opinion that the court did not err in sustaining the demurrer and dismissing the petition as to City Savings Bank and Piedmont Savings Co., nor, under the facts, in dissolving the restraining order theretofore granted to take effect from a certain date, and in ordering that the deputy sheriff on that date proceed to execute the dispossessory warrant in accordance with the notice theretofore given to the plaintiff in error. It is insisted by the plaintiff that this judgment of the court was error; that it under-

took at the interlocutory hearing to deprive plaintiff in error of the right of trial by a jury on the question of fraud, rescission, cancellation, and damages, which is the province of the jury, and to pass upon all the disputed issues of fact, "especially the alleged· illegal dispossessory warrant, and notice upon which it was based, and render decree on the final issues involved." If the petition was subject to demurrer, as we think it was, and was dismissed as to two of the defendants, then there was nothing left to try, as to these defendants, either by the court or jury, and Miller is not excepting. If the petition was demurrable, as we shall undertake to demonstrate, then the whole case as made by the petition, against the two defendants who were dismissed from the case, was gone, and it was left just where it was when the petition was filed to enjoin the defendants from proceeding with the dispossessory warrant. And with that went also the temporary restraining order, which was dissolved. The sheriff could then proceed to execute the dispossessory warrant. The court in his order merely directed, after dissolving the restraining order, that the sheriff "will on that day [the day the order was to take effect] proceed to execute said warrant, in accordance with notice heretofore given Mrs. Willie Mae Lathrop." Properly construed, this was not a mandatory order.

Was the petition subject to general demurrer? From the petition it appears that the plaintiff bought from W. S. Miller a house and lot upon which Miller had placed a loan of $1500 to the City Savings Bank. Under the loan deed the City Savings Bank had the power to sell the property under certain conditions— upon default being made in the payment of the interest coupons, etc. The plaintiff bought the property in controversy subject to this loan, and was therefore charged with notice of the provisions of the loan deed which was of record. Plaintiff gave a series of purchase-money notes to W. S. Miller or order, in part payment · for the property. These notes were sold by Miller to the Piedmont Savings Co. The plaintiff defaulted in the payment of one or more of her coupons. She alleges that she paid the money for one coupon to Miller, and that as to another one Miller promised to pay it. But these payments can not be held to be payments to the City Savings Bank, and are not payments of the interest coupons due by the plaintiff. Upon default in payment of the interest

coupons the City Savings Bank exercised its power of sale under the loan deed, and the Piedmont Savings Co. purchased the property. We are of the opinion that the foreclosure of the loan deed by City Savings Bank, and the purchase of the property by the Piedmont Savings Co., under the facts alleged, does not constitute fraud, as insisted by the plaintiff. It is insisted that, whereas she had agreed to pay the sum of $2750 for the property, it brought at the sale only $1670, and that this was evidence of such fraud as that the transaction should be set aside. We are of the opinion that the allegations of the petition are not sufficient to authorize the conclusion that the transaction set out in the petition amounted to fraud. The allegations of fraud as contained in paragraphs 21 and 30 of the petition are too general. They are as follows: "Your petitioner charges, on information and belief, that the whole proceedings as hereinbefore outlined, is a scheme entered upon between three of said defendants . . to defraud her of her equity in said property as represented by the amounts she has paid thereon." "Petitioner further charges on information and belief that . . the fraud so alleged to have been perpetrated on her by the defendant W. S. Miller was actual fraud, and the fraud alleged to have been perpetrated on her by City Savings Bank and Piedmont Savings Co. was a legal fraud within the contemplation of the laws of Georgia." Neither of the foregoing allegations is sufficient to sustain a cause of action based upon fraud. It was held in the case of *Anderson* v. *Goodwin,* 125 *Ga.* 669 (54 S. E. 682) : "Mere allegations of fraud are insufficient. 'It is well settled that a general allegation of fraud in a bill amounts to nothing—it is necessary that the complainant show, by specifications, wherein the fraud consists.'" And see, to the same effect, *Carter* v. *Anderson,* 4 *Ga.* 519; *Miller* v. *Butler,* 121 *Ga.* 761 (49 S. E. 754) ; *Mobley* v. *Belcher,* 144 *Ga.* 444 (87 S. E. 470) ; Civil Code (1910), § 4622. There is no allegation in the petition of any specific act on the part of either the City Savings Bank, or the Piedmont Savings Co., by which the plaintiff was deceived. Nor is there any allegation of any act of commission or omission on the part of either of these parties, which was contrary to legal or equitable duty, or of any trust or confidence reposed, which was contrary to good conscience. In order to set forth a cause of action based on fraud, some particular acts of fraud

should be alleged in which the fraud consists. And so we are of the opinion that the court did not err in entering the judgment of which complaint is made.

*Judgment affirmed. All the Justices concur.*