## MALONE *v.* ARMOR INSULATING COMPANY.

No. 13544.   NOVEMBER 13, 1940.

*Robert T. Speer,* for plaintiff.    *Hugh G. Head Jr.,* for defendant.

GRICE, Justice.    Does the complainant set forth a state of facts entitling him to the relief prayed for, or under his prayer for general relief should the suit have been retained in order to grant him any other relief to which he was entitled, not inconsistent with

that for which he specifically asked? This is not an effort on the part of the minority stockholder to prevent the corporate authorities from doing an ultra vires act. The only ultra vires act complained of was the issuance of stock as dividends. This has been done. There is no allegation that the directors contemplated doing so again, and not one threatened act is alleged which the plaintiff wishes enjoined. He has, in his second amendment, a prayer that the defendant corporation pay him dividends in cash. The reference is clearly to dividends on the preferred stock. The petition can not be retained for that purpose, because the stock certificate declares that "Holders of this preferred stock shall be entitled to receive, when and as declared by the board of directors, from the surplus or net profits of this corporation, dividends," etc.; and it further affirmatively appears that the directors have declined to declare that any cash dividend be paid. Let it be granted that the directors had no right to declare that dividends on the preferred stock should be paid by issuing to the holders new common stock in the company. That would give the complainant no right to require the corporation to pay him cash dividends on his preferred stock, when the affirmative action of the board was that no cash dividends should be paid. He acquired this preferred stock knowing that he would not be entitled to receive the $1.50 dividend therefrom, except "when and as declared by the board of directors."

The complainant does not show any right to have the management of the corporation taken away from its directors and placed in the hands of a receiver. The allegations as to discrepancies between the financial statement sent to stockholders and the information contained in income-tax returns, and in a statement sent to the securities commission, do not warrant appointment of a receiver. Nor do his allegations that the directors use all the profits as salaries, and allow the president to draw an excessive salary. Both may be true, and yet consistent with good faith. The same observation may be made with reference to the alleged negligence and breach of trust in paying excessive rent for a ten-year rental, with the ultimate purchase of an office and warehouse. The management of the affairs of the corporation is in the hands of the directors. The stockholders have committed its management to their judgment. General allegations of a breach of trust count for nothing, even as against a general demurrer. *Lathrop* v. *Miller*, 164 *Ga.* 167,

170 (138 S. E. 50), and cit. The petition as amended stated no facts to justify appointment of a receiver, or a decree that the corporation pay cash dividends. It was not error to sustain the general demurrer. *Judgment affirmed. All the Justices concur.*