The petition as amended did not entitle the complainant to a decree against the corporation for payment of cash dividends; nor did it allege a state of facts justifying appointment of a receiver. It was not error to sustain the general demurrer.
 No. 13544. NOVEMBER 13, 1940. *Page 147 
John N. Malone Jr. brought suit against Armor Insulating Company, a corporation chartered by the superior court on January 25, 1935. The petition alleges, that Malone is a minority stockholder; that he owns both common and preferred stock in the corporation, the preferred stock stating that dividends when and as declared by the board of directors shall be at the rate of $1.50 per share, payable semi-annually within ten days following the first days of January and July of each year; that he has been advised by the corporation that dividends were declared thereon in December, 1937, in June and December, 1938, and in June and December, 1939; that he has examined the corporate books and records, and believes the defendant to be guilty of mismanagement in paying exorbitant or excessive salaries, and exorbitant or excessive rents for office and warehouse space; and that the corporation is in a state of insolvency. He requests the court to order the defendant to show cause, "at the first hearing, why a temporary and permanent order should not be granted your petitioner for his benefit as a minority stockholder, why defendant corporation should not pay him dividends on preferred stock that is owned by your petition in defendant corporation;" and to order the defendant to bring all its books, papers, etc., to court "so that an accounting can be had to determine the exact status of defendant corporation, so that your petitioner will not suffer irreparable loss." He prays, for receivership; for an accounting to be made by a certified public accountant; for rule nisi; that the court order the defendant to bring to the hearing all its books, records, etc.; for process; and for general relief. General and special demurrers to this petition were filed.
By amendment the petitioner averred that since June 30, 1937, he owned 120 shares of common stock and 40 shares of preferred stock. The certificates of preferred stock carry the following provision: "Holders of this preferred stock shall be entitled to receive, when and as declared by the board of directors, from the surplus or net profits of this corporation, dividends at the rate of $1.50 per year, payable semi-annually within ten days following the first days of January and July of each year, before the payment of any dividends to the holders of common stock." The plaintiff alleges that the defendant is guilty of mismanagement, in that the financial *Page 148 
statement sent to stockholders as of January 1, 1940, does not agree with the State income-tax report, or with the statement filed with the Federal income-tax board; that the board of directors are usurping all the profits as salaries; that they declared dividends on the preferred stock; as stock dividends, against justice and principles of equity, and through fraud have wrongfully declared dividends on preferred stock; that they have sanctioned and ratified excessive salaries to its officers and clerical help; that, through gross negligence and the usurping of the profits for themselves, the directors ratified a ten-year lease and purchase of warehouse and offices which the defendant corporation now occupies; that the directors allow financial statements to go out to the stockholders when they do not agree with the same-dated financial statements sent to the State of Georgia Securities Commission; that they allow the books and records to show a state of facts which lead the stockholders and the public to believe they are financially sound, when the corporation is actually operating in a state of insolvency; that the directors have settled up outstanding accounts payable by selling stock to another corporation and transfer of personal property of the president of the defendant corporation, with no cash being transferred as to the defendant corporation; and that petitioner has without avail sought redress at the hands of the officers, directors, and stockholders. He attaches to the amendment as exhibits "the letters and communications covering the dividends as declared by the board of directors of the Armor Insulating Company" on the five dates referred to in the petition. These, almost identical, are as follows:
"To the stockholders: J. N. Malone Jr.
"The following is a portion of the minutes of the special meeting of the board of directors, held the 30th day of June, 1938, wherein dividends were declared on preferred stock. `The treasurer brought before the meeting all financial statement available for the current year, and an estimated profit and loss statement for the first half of 1938. After thorough perusal and consideration, it was noted that these figures showed a definite gain during the past two months. As a matter of fact, the retrenchment in expenses and a slight increase in sales have brought earnings very definitely into a profitable basis again. However, the net income was only in two figures. Therefore, under the circumstances, it was unanimously agreed that dividends on stocks should not be paid in cash, as it might impair the *Page 149 
operating capital of the corporation. Therefore, on motion duly made and seconded, the following resolution was unanimously adopted and ordered spread upon the minutes:
"`Resolved, that dividends as required by the stock certificates shall be paid to the holders of record of preferred stock, as of this date, but that no dividends shall be paid to the holders of common stock. All such dividends shall be paid in the stock of this corporation, except that no fractional shares shall be issued unless for the purpose of converting fractional shares already outstanding into whole shares. Interim certificates, as approved by the board of directors in their twelfth meeting, held the 31st day of December, 1937, shall be issued for all fractional shares.' The certificates covering your dividends are now ready for distribution. Immediately upon your payment of the tax as required by Federal law, these certificates will be turned over to you.
"Armor Insulating Company By T. T. Tucker.
"T. T. Tucker, President."
Also exhibited with the amendment was the charter. The only reference to stock was in the following paragraph of the petition of those seeking the charter, which was granted: "Petitioners desire the right to issue 500 shares of non par stock for which $1,000.00 shall be paid in, and further desire the right to increase the issue of stock at and for a fair consideration, together with a further right to issue such classes of stock and bonds or other evidence of indebtedness as may be authorized by a majority vote of the stockholders of the class of stock first issued by the corporation."
The plaintiff further amended by alleging that the defendant corporation is guilty of ultra vires acts in that it issued stock beyond the powers granted in the original charter, without proper authority by amendment thereto. It was prayed "that the defendant corporation pay dividends in cash to plaintiff as stipulated in the stock certificate." Demurrers were renewed. Without passing on the special demurrers, the judge sustained the general demurrer and dismissed the action. The plaintiff excepted.
Does the complainant set forth a state of facts entitling him to the relief prayed for, or under his prayer for general relief should the suit have been retained in order to grant him any other relief to which he was entitled, not inconsistent with *Page 150 
that for which he specifically asked? This is not an effort on the part of the minority stockholder to prevent the corporate authorities from doing an ultra vires act. The only ultra vires act complained of was the issuance of stock as dividends. This has been done. There is no allegation that the directors contemplated doing so again, and not one threatened act is alleged which the plaintiff wishes enjoined. He has, in his second amendment, a prayer that the defendant corporation pay him dividends in cash. The reference is clearly to dividends on the preferred stock. The petition can not be retained for that purpose, because the stock certificate declares that "Holders of this preferred stock shall be entitled to receive, when and as declared by the board of directors, from the surplus or net profits of this corporation, dividends," etc.; and it further affirmatively appears that the directors have declined to declare that any cash dividend be paid. Let it be granted that the directors had no right to declare that dividends on the preferred stock should be paid by issuing to the holders new common stock in the company. That would give the complainant no right to require the corporation to pay him cash dividends on his preferred stock, when the affirmative action of the board was that no cash dividends should be paid. He acquired this preferred stock knowing that he would not be entitled to receive the $1.50 dividend therefrom, except "when and as declared by the board of directors."
The complainant does not show any right to have the management of the corporation taken away from its directors and placed in the hands of a receiver. The allegations as to discrepancies between the financial statement sent to stockholders and the information contained in income-tax returns, and in a statement sent to the securities commission, do not warrant appointment of a receiver. Nor do his allegations that the directors use all the profits as salaries, and allow the president to draw an excessive salary. Both may be true, and yet consistent with good faith. The same observation may be made with reference to the alleged negligence and breach of trust in paying excessive rent for a ten-year rental, with the ultimate purchase of an office and warehouse. The management of the affairs of the corporation is in the hands of the directors. The stockholders have committed its management to their judgment. General allegations of a breach of trust count for nothing, even as against a general demurrer.Lathrop v. Miller, 164 Ga. 167, *Page 151 
170 (138 S.E. 50), and cit. The petition as amended stated no facts to justify appointment of a receiver, or a decree that the corporation pay cash dividends. It was not error to sustain the general demurrer.
Judgment affirmed. All the Justices concur.