21150. GWIN v. THUNDERBIRD MOTOR HOTELS, INC., *et al.*

Argued February 14, 1961—Decided March 9, 1961.

656

*Shoob & McLain,* for plaintiff in error.

*Carl T. Hudgins,* contra.

QUILLIAN, Justice. The petition avers that, at the time of the organization of Thunderbird Motor Hotels, Inc., a private corporation, the plaintiff owned fifty percent of the corporation's common voting stock; that the defendants knew that the plaintiff expected the corporation to be so organized that he would

have fifty percent control of its affairs; that he relied upon the defendants to establish his right to such control; that the attorney who obtained the corporate charter and drew the bylaws was guilty of breach of trust, and the defendants Greely and Howard were guilty of fraud in not securing for him, by provisions of the bylaws, the fifty percent control of the corporation that he expected; and that the three defendants conspired to prevent his obtaining a voice in directing the business of the corporation equal to that of both of the other stockholders, Greely and Howard.

The petition relates no conversation or other communications between the plaintiff and any of the defendants or any other issuable fact which supports the general allegations that the defendants knew that the plaintiff expected or relied upon the defendants to vest in him fifty percent control of the corporation. While the petition alleges that the plaintiff relied upon the representations of the defendants, no representation is set forth literally or in substance. Not a single fact is alleged upon which the charge of breach of trust by the attorney, fraud by any defendant, or a conspiracy to defraud by the three defendants, can be based. In short, the petition is a structure of conclusions without foundation in fact.

This court has dealt with such a petition in the following pronouncements: "General allegations of a breach of trust count for nothing, even as against a general demurrer. *Lathrop v. Miller*, 164 Ga. 167, 170 (138 S. E. 50), and cit." *Malone v. Armor Insulating Co.*, 191 Ga. 146, 150 (12 S. E. 2d 299).

"No cause of action is stated in a petition which states mere legal conclusions of conspiracy, collusion and fraud with no facts alleged upon which to base them except general and loose allegations consisting of statements without facts upon which the conclusions are based. *Green v. Spears*, 181 Ga. 486 (182 S. E. 913); *Fowler v. Southern Airlines*, 192 Ga. 845 (16 S. E. 2d 897)." *Budget Charge Accounts v. Peters*, 213 Ga. 17, 18 (96 S. E. 2d 887).

■ The petition alleges that the plaintiff was not aware for about two years that the bylaws of the corporation did not provide that he have fifty percent control of the corporation's

■

business. This allegation is in direct contradiction with the averments of the petition that the plaintiff was present when the bylaws were adopted, that he accepted both the office of president of the corporation and member of the board of directors, and served in those dual capacities for nearly two years; that he voted his stock in favor of the adoption of the bylaws and for the election of himself, Greely and Howard to the board of directors.

Where the bylaws of a corporation, regularly adopted at a meeting of the stockholders, not shown to be inconsistent with the corporation's charter or contrary to law, confer the management of the corporation's business upon a board of directors, that body is vested with the authority and charged with the responsibility of managing the corporation for the benefit of the stockholders, and becomes the governing authority of the corporation. *Malone v. Armor Insulating Co.*, 191 Ga. 146 (12 S. E. 2d 299). The bylaws of a corporation constitute permanent rules governing its management, and as such are binding upon the stockholders. *Hornady v. Goodman*, 167 Ga. 555 (146 S. E. 173). "The members of a corporation are as a general rule conclusively presumed to have knowledge of its bylaws and cannot escape a liability arising thereunder, or otherwise avoid their operation, on a plea of ignorance of them. This is also true of directors and other officers of the corporation." 18 C. J. S. 590, § 180. To the same effect is the pronouncement in *Crittenden v. Southern Home Building &c. Assn.*, 111 Ga. 266 (36 S. E. 643), that a stockholder is bound by a bylaw of the corporation whether or not he had notice of its adoption.

Further, the bylaws of a corporation are binding on the parties who enact them as contracts (*Tuttle v. Walton*, 1 Ga. 43), and must be construed according to the principles of the law of contracts. 13 Am. Jur. 290, § 160. The bylaws under consideration were couched in language so plain and simple that any person of ordinary intelligence could understand their meaning and effect. The text of the bylaws reads: "5. Two directors shall constitute a quorum for the transaction of any business upon the part of the board of directors for the corporation. A majority vote of the board of directors shall be sufficient and controlling upon

any question relating to the affairs of the corporation and under the jurisdiction of the board of directors." A familiar and elemental principle of law applicable to contracts and bylaws alike binds a party by the terms of a written instrument which he has executed without reading if he can read and was not prevented from reading the instrument by any artifice or device of the other contracting party or by an emergency. *Eliopolo v. Eicholz*, 161 Ga. 823 (131 S. E. 889).

There are no averments of the petition that take the case out of the operation of the rules referred to in this division of our opinion.

*Judgment affirmed. All the Justices concur.*