22161. KRENSON et al. v. JOS. N. NEEL COMPANY et al.

ARGUED SEPTEMBER 10, 1963—DECIDED NOVEMBER 19, 1963.

*Miller, Miller & Miller,* for plaintiffs in error.

*Anderson, Walker & Reichert, Albert P. Reichert, Mallory C. Atkinson,* contra.

HEAD, Presiding Justice.    Mrs. Gladys Neel Dickey, Mrs. Blanche Neel Earnest, and Mrs. Leonora Neel Krenson brought a petition against Jos. N. Neel Company, a corporation, and Roland H. Neel, individually, and in his capacity as president, executive officer, and controlling stockholder of Jos. N. Neel Company.    The petitioners sued in a dual capacity, as minority stockholders of the corporation, and as tenants in common with Roland H. Neel of described property which is leased by the corporation.    The trial judge sustained the general demurrers of the defendants on the ground that the petition failed to state a cause of action, and the only exceptions in the writ of error are to these orders.    No ruling was made as to whether the petition is duplicitous, and we will determine whether a cause of action was stated either on the basis of the petitioners' rights as minority stockholders or as lessors of property occupied by the corporation.    It is conceded by the defendants that if a cause of action is set forth by the petitioners as minority stockholders under *Code* § 22-711, the allegations are sufficient to show compliance with paragraph 5 of that section, which requires that a minority stockholder show that he "has acted promptly; that he made an earnest effort to obtain redress at the hands of the directors and stockholders, or why it could not be done, or it was not reasonable to require it;  .  .  ."

On April 23, 1948, the Jos. N. Neel Investment Corporation leased property on Cherry Street in Macon, Georgia, to Jos. N. Neel Company, being property then occupied by Jos. N. Neel Company.    On December 31, 1952, the Jos. N. Neel Investment Corporation was dissolved, and the petitioners and the defendant Roland H. Neel now own the property as tenants in common and are the lessors in the contract.    This property has on it two buildings connected by a common party wall, and for convenience it will be referred to as the petitioners' building.    It was alleged that: About May 11, 1962, Roland H. Neel pur-

chased in his individual name land adjacent to this property, and has entered into a lease with Jos. N. Neel Company in connection with his property. Through newspaper advertisements, and through correspondence between counsel for the petitioners and the defendants, the petitioners have learned that the defendants propose to do the following acts: (1) Use money and credits of Jos. N. Neel Company for the renovation, reconstruction, and improvement of the building owned by Roland H. Neel individually. (2) Cover the front wall of the petitioners' building and the front wall of the building owned by Roland H. Neel with identical material, and construct a continuous marquee in front of both buildings, causing them to appear from the street to be one building. (3) Open two archways six feet high between the petitioners' building and the building owned by Roland H. Neel. (4) Move the Boys Department from the petitioners' building to the building owned by Roland H. Neel, and replace this department with a Girls Department. (5) Remove the telephone switchboard from the petitioners' building to the building owned by Roland H. Neel. (6) Permanently close several large windows in the second floor of the petitioners' building. It was prayed that the proposed acts in connection with the petitioners' building be enjoined; or that the court declare the lease terminated and that the petitioners recover $50,000, or other large sum, for the restoration of their property to its prior state. It was also prayed that the defendants be enjoined from utilizing any funds or credits of Jos. N. Neel Company for the improvement of the building of Roland H. Neel, or, in the alternative, that the petitioners have judgment against the corporation in an amount of money in the same proportion that their stock holdings bear to the stock holdings of Roland H. Neel, as applied to any funds or credits of the corporation used on the building of Roland H. Neel.

By amendment to the petition it was alleged that since the filing of the petition the defendants have caused funds of Jos. N. Neel Company in excess of $100,000 "to be diverted, used and expended for the renovation, reconstruction and improvement" of the building of Roland H. Neel. By a second amendment it was alleged that for the years 1957 through 1962, inclusive,

Jos. N. Neel Company has paid $15 per share dividend on its shares of outstanding stock, payable on February 1 and August 1, but that on February 1, 1963, the corporation paid no dividend whatsoever for the reason that it was without available funds to pay dividends because of the diversion of funds in excess of $100,000 to the improvement of the building owned by Roland H. Neel.

We will first consider the acts complained of by the petitioners which relate to their interest as lessors. Paragraph 6 of their lease contract provides as follows: "(6) All alterations, additions and improvements (except trade fixtures put in at the expense of the Lessee) shall remain upon and be surrendered with the premises as a part thereof at the termination of this lease. The Lessor or his agents shall have the right to enter said premises at reasonable hours, to examine the same, make such repairs, additions or alterations as may be deemed necessary for the safety, comfort and preservation of said building, and to enter upon said premises at any time to repair or improve Lessor's adjoining property, if any. Also see Clause (15)." In the printed form used by the contracting parties the first sentence of this paragraph had the words: "however, the Lessee is to make no change of any nature in the above named premises without first obtaining written consent from said Lessor or his agent." This language was deleted from the lease as executed.

The lease contract further provides, in part, as follows: "(12) Lessee agrees further that in addition to the rental herein stipulated, that it will pay all taxes, insurance, assessments, and agrees to pay all maintenance costs of building including structural repairs and roof expense. The Lessors shall not be obligated to make any repairs or improvements whatsoever during the term of this lease. (13) It is further agreed that the Lessee shall bind itself to improve the building at a cost of $250,000.00 during the term of this lease. However, in the event that the Lessee does not spend the full $250,000.00 on improvements, then at the expiration of this lease, the Lessee agrees to pay to the Lessor as additional rental the difference between the $250,000.00 and the sum it actually spent on the improvements. . . (15) Lessee shall have the right to remodel premises or to erect new

building and agrees to conform to the rules and regulations of the City of Macon Building Code."

These provisions of the lease contract show the clear intention of the parties that the corporation as lessee could make major alterations in the building to promote the business of the corporation. The reply of the defendant corporation to the letter of inquiry from the attorney for the petitioners (both attached as exhibits to the petition) shows that the defendants planned to cut two six-foot archways on the main floor between the building owned by Roland H. Neel and the petitioners' building in a wall 210 feet long, and two similar openings on the second floor. Under the provisions of the contract, these structural changes would not be a breach of the contract, and the petitioners were not entitled to enjoin the alterations, or cancel the contract, because of this remodeling. The use of the same material on the fronts of the two buildings occupied by the corporation does not breach any term of the lease contract of the petitioners. There is no provision of the contract requiring that a telephone switchboard remain in the petitioners' building.

The contract provides that the leased premises "be used for no other purposes than retail and wholesale of men's and ladies' apparel, shoes, beauty shop or any other mercantile items." There is no provision of the contract requiring that any department of the corporation in existence at the time the contract was executed must continue to be operated in the petitioners' building. The moving of the Boys Department to the building owned by Roland H. Neel and the opening of a new Girls Department did not breach any term of the lease, since the Girls Department was authorized under the purposes for which the petitioners' building was leased.

The petition failed to state a cause of action by the petitioners as lessors in the contract with the defendant corporation.

As minority stockholders the petitioners complain that the defendant corporation has "diverted" more than $100,000 of the funds of the corporation for the renovation and remodeling of the building owned by Roland H. Neel. Code § 22-710 provides: "So long as the majority of stockholders confine themselves within the charter powers, a court of equity will require a strong

case of mismanagement or fraud before it will interfere with the internal management of affairs of a corporation." "A corporation ordinarily may lease property from one of its directors or officers or to him." 19 CJS 155, Corporations, § 782. There are no allegations to show fraud or prejudice to the corporation in the lease of the property of its president, Roland H. Neel. The allegation that the defendants have "diverted" funds of the corporation for the remodeling of the building of Roland H. Neel is insufficient to show any breach of trust. "General allegations of a breach of trust count for nothing, even as against a general demurrer." *Malone v. Armor Insulating Co.,* 191 Ga. 146, 150 (12 SE2d 299). No copy of the lease between the corporation and Roland H. Neel is attached to the petition. In the lease between the corporation and the petitioners an amount of $250,000 was required to be spent by the corporation in improving the petitioners' building. The petitioners are stockholders in the corporation, and there is no more reason to assume that the expenditure of $100,000 on the building of the president of the corporation is prejudicial to the corporation than was the expenditure of $250,000 by the corporation on the petitioners' building.

The petition does not allege any facts which show that the expenditure of $100,000 of the corporate funds on the building which the corporation has leased is fraudulent or even unwise management. The fact that the corporation is unable to pay dividends during the period of one year because of the expenditure of funds for the expansion of its business would not be sufficient to show mismanagement of the business of the corporation. The petition failed to state a cause of action by the petitioners as minority stockholders. *Hand v. Dexter,* 41 Ga. 454; *Scott v. Savannah Valley Broadcasting Co.,* 209 Ga. 375 (72 SE2d 711).

Since the petition did not state a cause of action by the petitioners either as lessors or as minority stockholders, it was not error to sustain the general demurrers of the defendants.

*Judgment affirmed. All the Justices concur, except Grice, J., who is disqualified.*