WILLIAM ADKINS, plaintiff in error, vs. HIRAM WILLIAMS, defendant in error.

[1.] In slander, evidence of the speaking of other words than those declared on but words like those, is admissible, though such speaking may have taken place, before the speaking of those declared on.

[2.] If the Court trying the case, does not consider the damages excessive, any other Court ought to be cautious in holding them to be so.

[3.] A jury in a slander case, after being charged by the Court, requested leave to separate to get their supper. The Court gave the leave; but under instructions, that they were not to have communication with any one, on the subject of the case. The counsel for the defendant were present, and made no objection to the course of the Court in granting the leave. It did not appear, that any thing happened whilst the jury were separate, calculated to throw suspicion on the verdict.

*Held*, that the separation was no sufficient cause for setting aside the verdict.

Slander, in Dooly.    Before Judge POWERS, April Term, 1857.    On appeal.

This was an action for slander, brought by Hiram Williams against William Adkins, for charging, and saying of plaintiff that he had stolen defendant's sheep.

The defendant pleaded:

1st. The general issue.

2d. That the words, if spoken, were not spoken maliciously, or to injure plaintiff.

3d. The statute of limitations, that the cause of action did not accrue within six months from the commencement of this suit.

The jury found for the plaintiff eight hundred and fifty dollars.

Defendant moved for a new trial on the following grounds:

1st. Because the verdict was contrary to law.

2d. Because the verdict was contrary to the evidence.

3d. Because the verdict was against the weight of evidence.

4th. Because the Court refused to rule out the testimony of W. B. Jones, for irrelevancy and illegality.

5th. Because the damages were excessive.

6th. Because the jury were allowed to separate and go abroad without a bailiff, after having been charged with the case, but before rendering a verdict.

The Court refused to grant a new trial, and defendant, by his counsel, excepted, and tendered his bill of exceptions, which was certified by the presiding Judge, with this explanation, to-wit:

In regard to the separation of the jury, the facts are, that the Court concluded its charge to them just at night, and, at their request, allowed them to go to supper before they went into their room, with instructions to have no intercourse or conversation on the subject of this suit, or to be present, hearing conversations of others on the subject. These affidavits apply to this time, and show, as I think, no breach of faith on the part of the jury. When they assembled in their room and the bailiff closed the door on them, there is no evidence that they separated except to answer nature's imperative demands. To allow the jury to get their supper and dinner when charged just before their meals, has been the practice of this Court and of other circuit Judges, without objection thus far, and in this case defendant's counsel were present, heard the instructions, and made no objections.

POWERS.

RICHARD H. CLARK, G. R. HUNTER, FISH, SCARBOROUGH and ADAMS, for plaintiff in error.

DAWSON & WILSON, for defendant in error.

*By the Court*—BENNING J. delivering the opinion.

Were any of the grounds of the motion for a new trial, good?

We think not. There is manifestly nothing in the first, second, and third grounds.

The testimony of Jones, referred to in the fourth ground, was "*relevant.*"

[1.] It is true, that the words to which that testimony related, were spoken some time before the day laid in the declaration, as the day of the speaking of the words declared on, but still, the speaking of the words at that earlier time, was a fact of some value, on the question of the *quo animo* with which, the words declared on were spoken. And the question of the *quo animo*, is always involved in these cases. A man speaking in jest, is not a slanderer—at least, not unless he is understood as being in earnest. 2 *Green Ev.*, §§ 271, 418. *Note* [1.]

[2.] The Court below, did not think the damages excessive. And the Court trying the case, must ever receive more light on the question of excessive damages, than it can impart to any other Court.

The damages may be heavy; but there is not enough disclosed to this Court, to satisfy it, that they are *excessive.* The boundaries for the amount of damages in cases of this kind, are any thing but fixed.

There is then, nothing visible to this Court, in the fifth ground.

The jury separated for their supper; but they did so, on their own request; they did so, by leave of the Court, and under a charge, to " have no intercourse or conversation, on the subject of the "suit," and not to be present hearing the conversation of others on the subject."

It does not appear that, whilst they were separate, any thing happened, calculated to throw suspicion on the verdict.

The counsel for the defendant in the action, were present when the leave to separate, was given, and made no objection to its being given.

[3.] Such being the circumstances, the separation of the jury, cannot, we think, amount to a cause sufficient to require the verdict to be set aside. No case was read to show that it could.

These are all the grounds.

We affirm the judgment of the Court below.

Judgment affirmed.