### BOWDOIN *v.* THE STATE.

FISH, J. 1. That the judge, during the trial of a misdemeanor case, and while the evidence was being submitted, in the presence of and without objection from counsel for the accused, allowed the jury to disperse during a night recess, is not, after a verdict of guilty, cause for a new trial, when there is no evidence of any attempt to influence the jury, or of any improper conduct on their part. See *Eberhart* v. *State*, 47 *Ga.* 598 (5) ; *Carter* v. *State*, 56 *Ga.* 467 (4) ; *Kirk* v. *State*, 73 *Ga.* 620 (3) ; *Riggins* v. *Brown*, 12 *Ga.* 271 (10) ; *Adkins* v. *Williams*, 23 *Ga.* 222 (3) ; *Stix* v. *Pump*, 37 *Ga.* 332, (3) ; *Barfield* v. *Mullino*, 107 *Ga.* 730.

2. A verdict can not be impeached by anything coming from a juror, directly or indirectly. *Southern Railway Co.* v. *Sommer*, 112 *Ga.* 512.

3. Newly discovered evidence, when purely impeaching in its character, is not cause for a new trial.

4. Grounds of a motion for a new trial not approved by the trial judge can not be considered by the Supreme Court.

5. An assignment of error upon the admission of evidence can not be considered by this court, unless the evidence admitted, or the substance thereof, be set out in the motion for new trial or attached thereto as an exhibit.

6. Where one of the grounds of a motion for a new trial in a criminal case is that two of the jurors who rendered the verdict had each previously expressed an opinion adverse to the innocence of the accused, the trial judge, as to this ground of the motion, occupies the position of a trior, and this court will not undertake to control his discretion in the matter, unless it clearly appears that it has been abused. *Ray* v. *State*, 15 *Ga.* 223 ; *Costly* v. *State*, 19 *Ga.* 614 ; *Vann* v. *State*, 83 *Ga.* 44 ; *Hill* v. *State*, 91 *Ga.* 104 ; *Carter* v. *State*, 106 *Ga.* 372 ; *Hackett* v. *State*, 108 *Ga.* 40 ; *Roberts* v. *State*, 110 *Ga.* 253. Considering the evidence submitted upon this question, there does not appear to have been any abuse of discretion in overruling this ground of the motion.
7. The evidence was sufficient to authorize the verdict, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concurring, except Little, J., who dissents from the proposition laid down in the first headnote.*

Submitted July 15, — Decided July 24, 1901.

Indictment for fornication.　Before Judge Gober.　Gordon superior court.　June 6, 1901.

*J. W. Harris,* for plaintiff in error.

*S. P Maddox, solicitor-general,* contra.