ATLANTIC & BIRMINGHAM RAILWAY CO. *v.* BROWN *et al.*

FISH, C. J.  1. Though the trial court erred in striking, on demurrer, a paragraph of the answer in which it was averred that the defendant, for want of sufficient information, could neither admit nor deny the allegations of a given paragraph of the petition, such error is not cause for a new trial, when, notwithstanding such ruling, the plaintiffs submitted ample proof of the truth of such allegations.

2. The law applicable to the controlling issues in this case was announced when it was formerly before this court. *Brown* v. *Atlantic & Birmingham Ry. Co.*, 126 *Ga.* 248. In view of the rulings then made, the court below, on the subsequent trial of the case in term, did not err, except as indicated in the first headnote, in striking, on demurrer, all of defendant's answer except so much thereof as either admitted or denied the allegations of the petition.

3. Even though the court may have erred in admitting in evidence, over the defendant's objection, a duly certified copy of an original certificate of the secretary of State, certifying that there were filed in his office original articles of agreement, entered into upon a given date, between three named railway companies, consolidating them under the name of Atlantic & Birmingham Railway Company, and further certifying that there were filed in the office of the secretary of State, with such agreement, certified copies of the resolutions of the stockholders and board of directors of each of the named companies, authorizing the execution of such articles of consolidation, such ruling was not cause for a new trial, for the reason that the uncontradicted evidence showed, and the answer of the defendant admitted, that the defendant was operating, as its own, the section of road which it was sought to show by the copy of the certificate it did own, and defendant also admitted that it intended to tear up and remove the same, and was then engaged in so doing.

4. Where on the trial of an action to enjoin a railway company from "tearing up, removing, or otherwise abandoning" a given section of its line of road, about nineteen miles in length, it appeared that defendant had already torn up and removed more than four miles of the section in question, before the temporary restraining order was passed, and where the court directed a verdict, over objection, that defendant be permanently enjoined "from tearing up, removing, or otherwise abandoning" such section, such verdict is ambiguous and susceptible of two constructions. One of them would render the verdict erroneous as offending the rule against granting affirmative relief by mandatory injunction; while under the other the verdict would be proper, as it would simply preserve the existing status. The verdict will not on this account be set aside, but will be given a construction which will uphold it. However, the decree should be entered so as to remove the ambiguity; and accordingly direction is given that the decree be so amended as to make it clear that it is not to have a mandatory effect, in requiring the defendant to reconstruct and replace so much of its line in question as had been torn up or removed prior to the service of

the original restraining order on the defendant, but that the purpose of the decree is to permanently enjoin the defendant from in any way changing the status of its line-of road from Bushnell to Ocilla, as it existed at the time defendant was served with such restraining order, to wit, on November 23, 1905. ..

*Judgment affirmed, with direction. All the Justices concur.*

Submitted October 16,—Decided November 18, 1907.

Equitable petition. Before Judge Parker. Ware superior court. April 15, 1907.

*King, Spalding & Little* and *Haygood & Cutls,* for plaintiff in error. *F. Willis Dart* and *Charles T. Roan,* contra.