### 4983.   BROWN *v.* THE STATE.

1. Where a new trial is sought in a criminal case on the ground that one of the jurors who rendered the verdict had, after hearing the evidence adduced on a former trial, expressed an opinion that the accused was guilty, the trial judge, as to this matter, occupies the position of a trior, and the reviewing court will not reverse a finding that the juror

was impartial, if there is any evidence to support the conclusion thus reached.

2. The evidence was circumstantial, but was sufficient to authorize the verdict.

DECIDED JULY 22, 1913.

Accusation of larceny; from city court of Sandersville—Judge Jordan. May 14, 1913.

*Evans & Evans,* for plaintiff in error.

*J. E. Hyman,* solicitor, *Hardwick & Wright, James K. Hines,. W. H. Burwell,* contra.

POTTLE, J. 1. A new trial is sought upon the ground that one of the jurors who had qualified on the voir dire was not impartial. In support of this, affidavits of five persons were tendered, to the effect that before the trial the juror stated that he believed the accused was guilty, and that a former jury, which had made a mistrial, ought to have convicted him. Accompanying the motion were affidavits of the accused and his counsel that until after the verdict of guilty had been returned they had no knowledge of the statements claimed to have been made by the juror. The affidavits of certain other persons were tendered, to the effect that the persons claiming to have heard the statements made by the juror were of good character and worthy of credit. The only counter-showing made by the State was the affidavit of the juror himself, positively and unequivocally denying that he made the statements attributed to him, and stating further that he was perfectly impartial between the State and the accused, and had never formed or expressed an opinion as to the guilt of the accused.

If there had been no counter-showing, a new trial would have been demanded. According to the evidence introduced by the accused on the hearing of the motion for a new trial, he had not been tried by a constitutional jury; that is, a jury made up of twelve impartial citizens, without bias or prejudice against him. *Monroe* v. *State,* 5 *Ga.* 85, 142; *Wade* v. *State,* 12 *Ga.* 25; *Glover* v. *State,* 128 *Ga.* 1 (57 S. E. 101). Where a new trial is sought on the ground that one of the jurors was not impartial, the trial judge, as to this matter, occupies the position of a trior, and the reviewing court will not undertake to control his discretion, unless it manifestly appears that it has been abused. *Bowdoin* v. *State,* 113 *Ga.* 1150 (39 S. E. 478); *Jones* v. *State,* 117 *Ga.* 710 (44 S. E. 877); *Moore* v. *State,* 1 *Ga. App.* 728 (57 S. E. 956). Counsel for the

plaintiff in error recognize the correctness of this rule, but insist that the record discloses such an abuse of discretion as requires a reversal of the judgment. The question to be determined was whether the juror expressed the opinion attributed to him. Upon this question the evidence submitted to the trial judge was conflicting. If we should hold that the judge erred in his finding, this would be equivalent to substituting our own opinion of the evidence for that of the trial judge, and would deprive him altogether of the discretion with which the law vests him. There are good reasons why we ought not to do this. The preponderance of evidence is not always with the greater number of witnesses. The citizens upon whose affidavits the accused relied may be, and doubtless are, as counsel suggest, men of character and veracity, and doubtless the persons who made the affidavits in support of their character are citizens whose word is entitled to respect. But what shall be said of the juror? He too is presumed to be a man of character. The jury commissioners thought him sufficiently upright for his name to be put in the jury box; and we are bound to presume that his character was such as to justify the confidence placed in him by the jury revisers. But all this has been determined by the trial judge. He knew the parties and had a right to say whom he would believe. The law does not clothe us with the power to say that he must have believed the five witnesses rather than the one, even though this one be the person whose character is attacked. The only rule by which we can be guided is that where any matter of fact is addressed to the discretion of the trial judge, his finding will never be controlled, where there is any evidence to support it.

2. It is earnestly insisted that the verdict is wholly without evidence to support it. Circumstantial evidence is rarely ever conclusive of guilt, and the law does not require it to be so. It is only necessary that it shall exclude every other reasonable hypothesis than that of guilt. It must be borne in mind, also, that the reviewing court must examine the evidence, not for the purpose of satisfying itself of the guilt of the accused, but only for the purpose of ascertaining whether there was any evidence from which the jury were authorized to infer guilt. Sometimes the evidence produced to us in the printed record raises a reasonable doubt in our minds as to the guilt of the accused, so that if we had the power to pass upon the facts as jurors, we would unhesitatingly set the verdict

aside. When a question of fact comes before us for determination the only matter which we have jurisdiction to decide is whether there was any evidence to support the verdict. We are frequently obliged to let a verdict stand even when we do not approve of it. When the evidence is circumstantial the only question which can be properly addressed to us is, not whether we are satisfied that the circumstances were sufficient to show guilt, but whether there was enough to enable the twelve men who found the facts to conclude that the accused was guilty. We have carefully examined the evidence in the present record. It is by no means conclusive of guilt; and if we could sit as jurors we might find in favor of the accused; but we can not say that the jury were compelled to take this view of the evidence, and that the circumstances were wholly insufficient to justify the conviction. It is certain that the prosecutor's cotton was stolen, and there was enough to authorize the jury to find that the accused was the thief. This being so, we have no power to interfere with the verdict, no material errors of law having been committed.                                         *Judgment affirmed.*

RUSSELL, J., dissenting. While I would not, under any circumstances, usurp the prerogative of the jury in deciding a contested issue of fact, or in passing upon the credibility of witnesses, still when the evidence is not legally sufficient, under any view of it, to authorize a conviction, a verdict finding one who is accused of crime guilty is contrary to law. It is clear to me that in the present case the circumstances in proof are as fully consistent with the innocence of the accused as with his guilt; and, consequently, in the contemplation of the law, it is not within the power of the jury to prefer a hypothesis under which the guilt of the accused may be suspected to the hypothesis, equally strong, that another committed the larceny. See *Davis* v. *State,* ante, 142 (78 S. E. 866).