## CAMP LUMBER COMPANY *et al. v.* STRICKLAND.

1. The plaintiff's action was for injunction against cutting and removing timber. The defendants by cross-action sought the same relief against the plaintiff, alleging title in themselves. The plaintiff replied, by answer to the cross-petition, that one of the deeds included in the defendants' abstract was forged. He also filed an affidavit of forgery at the trial, and it was agreed that the issue of forgery should be tried with the other issues. A general verdict for the plaintiff was returned. *Held,* that the verdict was comprehensive of all the issues.
2. The criticised excerpt from the charge to the jury, when taken in connection with its context, was tantamount to an instruction that if a prescriptive title was not established, a perfect paper title deraigned from the State would prevail.
3. The fraud which prevents prescription is actual or moral fraud. Constructive notice does not make a title fraudulent, as the law will not infer fraud in such cases from negligence. The charge on this subject was not altogether accurate, but, under the special facts of the case, the inaccuracy will not require a new trial.
4. Where a jury in a civil case is permitted to disperse during a recess of the court, with the knowledge of counsel, and no objection is raised, and no evidence is submitted of any attempt to influence their verdict, or of any improper conduct, a new trial will not be granted on this account.
5. The verdict is supported by the evidence.

DECEMBER 17, 1915.

Equitable petition. Before Judge Thomas. Echols superior court. January 16, 1915.

*J. L. Sweat & Son, E. K. Wilcox, R. G. Tison,* and *Wilson, Bennett & Lambdin,* for plaintiffs in error.

*Whitaker & Dukes* and *O. M. Smith,* contra.

EVANS, P. J. L. J. Strickland brought a suit to enjoin the R. J. & B. F. Camp Lumber Company and J. H. Smith from cutting and removing timber from lot of land 181 in the 16th district of Echols county. The defendants answered, and by cross-action set up title in themselves, and prayed that the plaintiff be enjoined from cutting the same timber. They attached to their answer an

abstract of title; one of the muniments of which was attacked as a forgery by the plaintiff by his answer to the cross-petition, and by an affidavit of forgery filed at the trial. The jury returned a general verdict for the plaintiff. A motion for new trial was overruled, and the defendants excepted.

1. It is insisted that a general verdict for the plaintiff did not cover the issue of forgery as made by the pleadings. That issue was, by consent of the parties, tried in connection with the main case, and as a part thereof, and there was no request for a special verdict thereon. The defendants deraigned their title from the State. A muniment in this chain of title was attacked as a forgery. A verdict finding against that title is comprehensive of all the issues made in the case.

2. The plaintiff relied upon prescription, and the defendants set up both prescriptive and perfect paper title. The jury were instructed as follows: "If you believe from the evidence in this case that the plaintiff, under the evidence in the case as to himself or his predecessors, has not acquired title by prescription, and if you believe from the evidence in the case that the defendants in the case have not acquired title by prescription; but if you believe from the evidence in the case that the defendants in the case have a. complete genuine chain of title from the State, then the defendants in the case would be entitled to recover against the plaintiff upon such complete genuine chain of title, if you believe from the evidence in the case that the defendants have such complete genuine chain of title." It is alleged that this amounted to an instruction that a verdict could be rendered for the defendants, in case the plaintiff failed to establish his claim of title by prescription, only by showing that the defendants had a perfect title from the State. When this excerpt from the charge is considered in connection with the context, it is clear that the instruction of the court was to the effect that the defendants should prevail, if the jury should find that they had a perfect title deraigned from the State, unless the plaintiff established prescriptive title.

3. The court charged the jury as follows: "If you believe from the evidence in the case that the deed from Johnson to Barnes was a forgery, and if you further believe from the circumstances of the case that Barnes knew it, or had reasonable grounds to suspicion or know it—that the deed was a fraud and forgery, then it would

not avail her anything in her contention of having a prescriptive title by reason of possession for at least seven years, as already instructed you." This charge is not strictly accurate. Constructive notice does not make the possession fraudulent, and the law will not infer fraud in such cases from negligence. The fraud which prevents prescription must be some conscious, actual wrong indicative of the bad faith of the prescriber. *Virgin* v. *Wingfield*, 54 *Ga.* 451. The statement in the instruction that if Barnes had reasonable grounds to suspect the title to be forged, this would prevent prescribing thereunder, was an inaccurate statement of the law. However, we do not think that this error requires a new trial. The plaintiff relied on prescription based on seven years adverse possession under color of title. That color of title included lot 181. It was not controverted that the plaintiff and his predecessors had actual possession of 100 acres or more of land embraced in the color of title for more than seven years. Actual possession of a part of the land described in the plaintiff's deed extended by construction to the confines of the tract. Civil Code (1910), § 4166. That actual possession continued from 1870 to the bringing of the suit. The defendants, who set up prescription under the deed attacked for forgery, based upon an actual possession of two or three acres of land embraced in their deed, could not acquire a constructive possession of any part of the land included within the plaintiff's prescription, which had ripened into a complete title, and which still remained in his constructive possession. *Harriss* v. *Howard*, 126 *Ga.* 325, 328 (55 S. E. 59). The verdict for the plaintiff necessarily imported a finding that the plaintiff's prescriptive title had been established by the evidence, and that prescription is superior to any paper title which the defendants might have produced; so that the contest was between the prescriptive titles of the contending parties, based upon constructive possession of the locus in quo. As the plaintiff's prescription had already ripened and he continued in constructive possession of the locus, it could not be affected by the defendants' concurrent constructive possession of the locus, subsequently acquired. Moreover, the evidence disclosed that the various circumstances relied upon to show the spuriousness of the deed attacked as a forgery were within the actual knowledge of the husband and agent of the grantee in the alleged forged deed.

4. Complaint is made for the first time in the motion for new trial that during the recess of the·court the jury were allowed to disperse without express consent of counsel. Defendants' counsel knew that the jury had dispersed, and made no objection until after verdict. No evidence was submitted of any attempt to influence their verdict, or of any improper conduct. This is not ground for a new trial in a civil case. *Riggins* v. *Brown,* 12 *Ga.* 271.

5. The verdict is supported by the evidence, and there was no abuse of discretion in refusing a new trial.

*Judgment affirmed.   All the Justices concur.*