### 30438. WALKER v. THE STATE.

DECIDED APRIL 12, 1944.

J. A. Drake, J. Bush Mims, for plaintiff in error.
Maston O'Neal, solicitor-general, contra.

GARDNER, J. ■ As to the general grounds, the evidence amply sustains the verdict.

■ The only special ground argued complains because the judge, after the evidence had been closed and the jury had been instructed, stated to the jury: "Gentlemen, I am going to let you go at large until two o'clock. Don't discuss this case among yourselves, or with anyone; and don't let anyone discuss it with you, or in your presence. Just forget it until two o'clock, and then come back to your room at that time. In the meantime forget the case." The jury did disperse. When court reconvened at two o'clock and the jury had returned, counsel for the defendant moved for a mistrial on the ground that the jurors were allowed to disperse without the knowledge or consent of the defendant or his counsel. The court

overruled the motion. In the motion for new trial this is assigned as reversible error. When the motion for new trial was presented for approval, the judge approved this ground conditionally, as follows: "Note: At the time the jury was allowed to disperse and instructed not to discuss the case among themselves or with anyone, or permit anyone to discuss the case with them or in their presence, a recess was taken by the court for lunch. The defendant and his counsel were present and made no objections to the jury dispersing for lunch. The above and foregoing motion for new trial and the note of the court thereon as a part thereof are hereby approved and made a part of the record in said case and ordered filed." The motion was overruled, and that judgment is assigned as error. The judge says specifically that the defendant and his counsel were present when the jurors were allowed to disperse, and that no objection was made. Under the rulings of this court and the Supreme Court, this ground is without merit. *Riggins* v. *Brown,* 12 *Ga.* 271 (10); *Adkins* v. *Williams,* 23 *Ga.* 222 (3); *Bowdoin* v. *State,* 113 *Ga.* 1150 (39 S. E. 478); *Camp Lumber Co.* v. *Strickland,* 144 *Ga.* 445 (4) (87 S. E. 413); *Deen* v. *Wheeler,* 7 *Ga. App.* 507 (2-a-c) (67 S. E. 212); *Knight* v. *Causby,* 68 *Ga. App.* 572, 581 (23 S. E. 2d, 458).

In view of the above-cited authorities, it must be concluded that the dispersal of the jury was with the implied consent, at least, of the defendant and his counsel. The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*