36846. BUTLER *v.* KANE.

DECIDED OCTOBER 18, 1957.

*W. B. Mitchell,* for plaintiff in error.

*Martin, Snow & Grant, W. B. Freeman,* contra.

QUILLIAN, J. 1. Special ground 5 of the amended motion for new trial assigns as error the following charge: "The plaintiff is entitled to recover if she proves to your satisfaction under the rules of law I give you in charge that the defendant was negligent as alleged in her petition as amended, and that her decedent was injured and death resulted from said injuries, and those injuries were sustained as the proximate result of said negligence." In *Everett* v. *Clegg,* 213 *Ga.* 168, 170 (97 S. E. 2d 689) it was held: "The Court of Appeals held that the following charge of the court: 'The plaintiff is entitled to recover if he proves to your satisfaction under the rules of law given you in charge *that the defendant was negligent as alleged in his petition,* and that he was injured and damaged as a proximate result thereof' was not error, over the contention that it led the jury to believe that, before the plaintiff could recover, he must

prove that the defendant was negligent in each of the several ways alleged in the petition. It was held that this charge did not violate the rule that, although the plaintiff may allege several acts of negligence, proof of all such acts is not required, and a recovery will be sustained upon proof of any one or more of such acts.

"This charge was erroneous and injurious to the plaintiff for the reason that, in effect, the jury were told that the burden was upon the plaintiff to prove *all* of the allegations of negligence in his petition before they would be authorized to return a verdict in his favor. See *Harrison* v. *League*, 93 *Ga. App.* 718, 720 (92 S. E. 2d 595)."

The instructions excepted to in the present case being almost identical with the charge in the *Everett* case, the trial judge erred in placing the burden on the plaintiff to prove all the allegations of negligence in her petition.

The defendant insists the above error was cured by other instructions which gave the proper statement of the law as to this burden. With this contention we do not agree. While it is true that, in other parts of the charge, the trial judge properly instructed the jury as to this principle of law, he did not expressly withdraw the incorrect charge from their consideration. The jury should not be left to determine which of these instructions was correct. "A charge containing two distinct propositions conflicting one with the other is calculated to leave the jury in such confused condition of mind that they cannot render an intelligent verdict. Such requires the grant of a new trial. *Morris* v. *Warlick*, 118 *Ga.* 421 (45 S. E. 407); *Savannah Electric Co.* v. *McClelland*, 128 *Ga.* 87 (57 S. E. 91); *Grooms* v. *Grooms*, 141 *Ga.* 478 (81 S. E. 210); *Tietjen* v. *Meldrim*, 169 *Ga.* 678 (151 S. E. 349)." *Citizens & Southern Nat. Bank* v. *Kontz*, 185 *Ga.* 131, 146 (194 S. E. 536).

The defendant also contends that in *Everett* v. *Clegg*, 213 *Ga.* 168, supra, the correct statement of this principle was nowhere contained in the judge's instructions, thereby distinguishing it from the present case. A careful perusal of the original record in the *Everett* case reveals that the judge did elsewhere in the charge give a proper statement as to the burden resting on the plaintiff to prove the allegations of negligence charged in the petition.

2. Ground 1 of the motion complains of the admission of evidence, but no legal objection was made to its introduction. Hence the ground is without merit.

3. Special ground 8 of the motion complains of the following charge: "I charge you that you cannot base a verdict in this case upon sympathy for either party or prejudice against either party. Any verdict you return must be supported by evidence produced upon the trial without being affected in any way by either sympathy or prejudice."

Cautionary instructions are not favored since in most instances they are productive of confusion and tend to restrict the jury's untrammeled consideration of the case. There are instances in which charges of that nature are approved. *Atlantic & B. Ry. Co.* v. *Bowen,* 125 *Ga.* 460 (3) (54 S. E. 105); *Bass* v. *African Methodist Episcopal Church,* 155 *Ga.* 57 (3) (116 S. E. 816). In this case there is nothing in the record that necessitated such instructions; however, in argument before this court the uncontradicted statement was made that the plaintiff's counsel in his argument before the jury made remarks characterizing the defendant as a New York Jew. This tended to inject prejudice into the case and rendered the charge complained of appropriate.

4. The plaintiff's motion for new trial assigned error on other parts of the charge than those we have discussed, and these grounds are without merit.

5. The evidence, which would have amply supported a verdict for the plaintiff, was not conclusive as to issues of whether the defendant was negligent in the particulars alleged in the petition and as to whether his negligence was the proximate cause of the collision fatal to the plaintiff's child. The verdict was not without evidence to support it, nor were there other errors of law that authorize the grant of a new trial on the general grounds.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*