44242. BARLOW et al. v. STORY.

HALL, Judge. The plaintiff filed an action for property damages and personal injuries against the owner and driver of an automobile, husband and wife, allegedly caused by the negligent driving of the wife resulting in a collision at an intersection. The defendants filed cross actions for damages for personal injury and loss of services, alleging the collision was caused by the negligence of the plaintiff. The defendants appeal from a judgment of the Houston Superior Court overruling their petition for certiorari and sustaining the judgment of the State Court of Houston County adverse to them.

1. The instruction to the jury complained of in enumeration of error No. 1 was not erroneous and injurious, as the plaintiffs contend, in that it told the jury that the burden was on the defendants to prove all of their allegations of negligence before they could recover. This instruction is not the same as those held to be error in *Everett v. Clegg,* 213 Ga. 168, 171 (97 SE2d 689), and *Butler v. Kane,* 96 Ga. App. 521, 523 (100 SE2d 598), and is not controlled by those cases. The court in the present case correctly charged that the defendants were entitled to recover if they proved any one or more of the grounds of negligence alleged in their cross actions.

2. The court did not err in failing to charge the defendants' written request to charge on emergency, since the request was not adjusted to the evidence.

3. The court did not err in charging an ordinance of the City of Warner Robins restricting speed at intersections to 15 miles per hour "except on boulevards." The ordinance was pleaded and introduced in evidence. There was no evidence that the street on which the defendant was driving was or was not a boulevard. If the ordinance was inapplicable for the reason that the street was a boulevard, the defendant should have introduced evidence of this fact. Generally, "A person claiming the benefit of the exception must establish that he comes within it." 82 CJS 893, § 382. The evi-

dence authorized the charge respecting violation of the ordinance.

4. The enumeration of error on the form of the verdict is not a ground for reversal. The verdict was supported by the evidence. The defendants did not object after the court's charge, or at the time the court answered a question asked by the jury, to the instructions on the form of the verdict, and did not request other or further instructions on this point. The defendants made no motion or objection to the verdict at the time it was rendered.

Judgment affirmed. Jordan, P. J., concurs. Whitman, J., concurs specially.

ARGUED FEBRUARY 5, 1969—DECIDED JUNE 13, 1969— REHEARING DENIED JULY 7, 1969—

Neal D. McKenney, for appellants.

Jones, Cork, Miller & Benton, Wallace Miller, Jr., for appellee.

WHITMAN, Judge, concurring specially. 1. I concur in the judgment of affirmance.

2. As to Division 1 of the opinion which relates to enumeration of error No. 1, the language of which is that "the court erred in charging the jury that defendants could not receive an affirmative verdict against the plaintiff for their alleged injuries or damage unless it appears from the trial of the case that they were injured or damaged in the manner and form contended for by them in their counteraction or counterclaim." Counsel for appellants and for appellee both agree that the charge referred to in this enumeration is as follows: "I charge you that neither of the defendants is entitled to have and receive an affirmative verdict against the plaintiff for their alleged injuries or damages unless it appears from the trial of the case that he or she was injured or damaged in the manner and form contended for by him or her in his or her counteraction or counterclaim, in which he or she asks for an affirmative verdict against the plaintiff." It is my opinion that this quoted portion of the charge has no relation to negligence, but relates solely to injury or damage. There is no reference therein to negligence eo nomine. The

court did, as stated in the opinion, charge that the defendants were entitled to recover if they proved any one or more of the grounds of negligence alleged in their cross action. There is no conflict in the two charges.

3. As to Division 2 of the opinion relating to a request to charge on emergency, while there are a large number of cases that deal with the doctrine of emergency and charges thereon which may be cited and reviewed, I deem it sufficient to call attention to the case of *Atlanta &c. Casket Co. v. Hollingsworth*, 104 Ga. App. 154 (121 SE2d 388), Headnote 10 and Division 10 to the effect that whether the defendant is confronted with a sudden emergency, and if he exercised the proper degree of care under the circumstances, that is, ordinary care in the situation, are questions for the jury to determine. The requested charge did not so indicate.

4. I concur in Division 3 of the opinion.

5. As to Division 4 of the opinion in relation to form of verdict, it appears that after the retirement of the jury following the charge of the court and the submission of the case to the jury on the plaintiff's complaint and the defendants' cross actions, and after the jury had entered upon its deliberations, the jury returned to the courtroom, whereupon the following took place: "By the Court: Gentlemen of the jury, you have sent out a written question to the court. I'll ask the foreman of the jury to please rise and ask the question of the court. By Mr. Foreman: May we render a verdict in favor of either side without a monetary stipulation, and if so must we give our reasons? By The Court: The answer to your first question is, yes, sir, and to the second question, no, you do not need to give a reason. Does that answer your questions, gentlemen? By Mr. Foreman: Yes, sir. By the Court: You may retire and *resume* your deliberations." (Emphasis supplied.)

There was no objection or exception by counsel for either of the parties to the court's answers, which were in effect an additional charge by the court. Thereafter the jury returned a verdict in the following form: "We, the jury, find judgment in favor of the plaintiff, F. Evelyn Story, in the amount of no dollars." On the coming in of the verdict the defendants did

not object thereto or to the form of the verdict, and made no motion in respect thereof or for further instructions in relation thereto.

In the case of *Calhoun v. Babcock Bros. Lumber Co.*, 199 Ga. 171, 176 (33 SE2d 430), the court said: "Verdicts shall have a reasonable intendment, shall receive a reasonable construction, and shall not be avoided except from necessity. *Code* § 110-105. The presumptions are in favor of the verdict, and the burden is on the party attacking it to show its invalidity. *Mobley v. Belcher*, 144 Ga. 442 (87 SE 470); *Camp Lumber Co. v. Strickland*, 144 Ga. 445 (87 SE 413). Where a verdict is ambiguous and susceptible of two constructions, one of which would uphold it, and one of which would defeat it, it 'will not on this account be set aside, but will be given a construction which will uphold it.' *Atlantic & Birmingham Ry. Co. v. Brown*, 129 Ga. 622 (4) (59 SE 278)."

In our view the verdict is in legal effect a finding by the jury in favor of the defendants insofar as the plaintiff's complaint is concerned. So construed the verdict and judgment do not constitute error as to the defendants.