49001. CARTER v. HARRELL.

QUILLIAN, Judge.
This case arose out of an action to recover the remainder due the plaintiff after the sale of certain property under a security instrument. The complaint alleged that the plaintiff and the defendant had entered into a bill of sale by which the plaintiff conveyed personal property consisting of all the fixtures, equipment and inventory of a named business; that in conjunction with the bill of sale the defendant executed a bill of sale to secure debt to the plaintiff in the amount of $20,000 to secure the payment of the purchase price of the property; that the bill of sale to secure debt provided that the property conveyed as security included "any additions, substitutions, replacements, and after acquired property."

The complaint as amended alleged that the defendant requested of the plaintiff, because of her excellent credit rating over many years with wholesale jewelers, to order certain merchandise in her name and that he would pay her for such merchandise; that the plaintiff did this, obtaining merchandise in the amount of $8,749.91; that the defendant made payments in the amount of $2,000 on the latter sum and also made some payments under the bill of sale to secure debt; that the

defendant then defaulted in the payments on the instalments for the bill of sale to secure debt and has failed to pay for the merchandise. It was alleged that the plaintiff was owed by the defendant the amount of $8,647.85 together with interest and attorney fees. This figure was arrived at by including the bill of sale to secure debt plus the amount owed under the arrangement between the plaintiff and the defendant and subtracting the credits for payments made by the defendant to the plaintiff plus the amount received from the sale of the property secured by the bill of sale to secure debt and money collected by the plaintiff on various accounts of the defendant. Prayers were for judgment in the amount of $8,647.85 together with interest at 8% and 15% of the principal amount as attorney fees.

The defendant's answer admitted the allegations of the indebtedness under the written instrument but set out that the property in question had been sold to two other named individuals who had agreed to make payments, and denied the further material allegations of the complaint.

The case came on for trial before a jury and at the conclusion of the evidence a verdict was rendered for the plaintiff in the amount sought with interest and attorney fees. Judgment was entered accordingly. The defendant then filed a motion for a new trial which was dismissed by the trial judge for failure to prepare a transcript. However, upon notice of appeal being filed, the trial judge granted the defendant additional time in which to file a transcript which was duly prepared and sent to this court. *Held:*

1. The appellee's motion to dismiss the appeal and to assess penalties is denied.

2. The third and fifth enumerations of error complain of a portion of the trial judge's charge to the jury and of the trial judge's answers to certain questions posed by the foreman of the jury. These enumerations of error are not considered since no timely objection was made. Code § 70-207, as amended (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078); *Barlow v. Story,* 120 Ga. App. 48 (4) (169 SE2d 660); *Federal Insurance Co. v. Oakwood Steel Co.,* 126 Ga. App. 479, 480 (191

SE2d 298).

3. Enumeration of error four complains that the trial judge erred in charging the jury that it could find attorney fees over the objection that there was no law or evidence to sustain such a charge and "no provision in the statute for attorney fees on a foreclosure without a promissory note."

This contention is without merit. Code § 20-506, as amended (Ga. L. 1946, pp. 761, 766; 1953, pp. 545, 546; 1957, p. 264; 1968, p. 317), provides that: "Obligations to pay attorney fees upon any note or *other evidence of indebtedness* . . . shall be valid and enforceable, and collectible as part of such debt." (Emphasis supplied.)

4. The first and second enumerations of error complain of the admission of an exhibit consisting of some 88 invoices totaling $8,749.91 on the basis that such invoices were irrelevant and immaterial and constituted an attempt to violate the Statute of Frauds and to alter by parol the terms of the original written agreement.

The plaintiff sought recovery in her amended complaint based on a separate parol agreement subsequent to the written agreement. Hence, the evidence offered was neither irrelevant nor immaterial. The evidence tended to establish a subsequent, independent parol agreement with regard to the goods in question and in no way attempted to vary the written agreement by prior or contemporaneous statements. *Marietta &c. Sales v. Fed. Mut. &c. Ins. Co.,* 122 Ga. App. 133, 135 (176 SE2d 460); *Langenback v. Mays,* 205 Ga. 706 (1) (54 SE2d 401); *S & S Builders v. Equitable &c. Corp.,* 219 Ga. 557, 561 (134 SE2d 777).

The evidence revealed that the plaintiff had fully performed and the defendant had partially performed under the terms of the parol agreement. Hence, this performance would be sufficient to take such agreement outside the provisions of the Statute of Frauds. The evidence offered was not subject to the objections made.

5. The remaining enumerations of error deal basically with the proposition that the verdict was illegal and void and that the judgment was void. The plaintiff's pleadings and the trial of the case proceeded, in part, as though the amount sought on the open account was

included within the terms of the security instrument. The security instrument contained a provision that the property conveyed as security included that named in the bill of sale (with certain exclusions) "together with any additions, substitutions, replacements and after acquired inventory."

Code Ann. § 109A-9—204 (Ga. L. 1962, pp. 156, 391; 1963, pp. 188, 198) provides for the attachment of a security interest in after acquired property subject to the restrictions therein contained. For a thorough discussion of the validity and uses of after acquired property clauses, see UCC, Official Code Comment, § 9-204; 1 Bender's, Secured Transactions, UCC, 84, § 2.03 (bi); 1 Bender's, Secured Transactions, UCC, 1162, § 11.02; 4 Anderson, Secured Transactions, UCC, 181, § 9-204:9 et seq.

The provisions of the Civil Practice Act with regard to "joinder of parties and causes" applies to all proceedings including special statutory ones. CPA § 81 (Code Ann. § 81A-181; Ga. L. 1966, pp. 609, 668; 1967, pp. 226, 241; 1968, pp. 1104, 1109). Code Ann. § 81A-118 (Ga. L. 1966, pp. 609, 630; 1968, pp. 1104, 1108) provides for the joinder of various causes of action. In *Rowland v. Gardner,* 79 Ga. App. 153 (53 SE2d 198), under the old practice, this court pointed out that a jury could return a judgment for the entire amount rather than separating the amount actually found in two different counts. Here it would have been better practice for the jury to have been instructed to arrive at two separate sums, one for the amount still owed under the security instrument and one for that owed by reason of the parol agreement. Nevertheless, it would seem that there was no harmful error committed in finding the entire amount.

However, it should be noted that the after acquired property provision would apply only insofar as the amount was owed up to $20,000, the face amount of the bill of sale to secure debt. The amount sought in excess of $20,000, that is, those sums separate from the bill of sale to secure debt would not come within its provisions. The attorney fees assessed were based on recovery of the total amount. The correct method would have been that the amount due under the security instrument and the amount sought under the subsequent agreement should

be separated. The amount still owed under the security agreement would be subject to the assessment of the attorney fees, however, the other amount would not.

The judgment is affirmed on condition that the attorney fees proportionate to the recovery on the subsequent parol agreement, as well as interest due after demand in excess of 7 percent based on that same sum, be stricken; otherwise reversed.

*Judgment affirmed on condition. Bell, C. J., and Clark, J., concur.*

ARGUED FEBRUARY 4, 1974 — DECIDED
JUNE 18, 1974.

*Albert E. Butler,* for appellant.
*John D. Mattox, W. Glenn Thomas, Sr., A. Newell NeSmith, W. Lonnie Barlow,* for appellee.