58758. STEED et al. v. STEEL PRODUCTS MANUFACTURING COMPANY et al.

McMURRAY, Presiding Judge.

On August 28, 1973, Robert L. Steed, while employed by another as a welder, was instructed to proceed to the premises of Steel Products Manufacturing Company to perform certain welding upon a crane, crane track or "craneway." It was necessary for him to climb a ladder to perform this work. An extension ladder composed of

twenty feet in each section which was found on the premises was used. In the process of climbing the ladder, it fell with Steed whereby he suffered certain injuries.

In separate complaints, Robert L. Steed and his wife, Lurline Steed, sued Steel Products Manufacturing Company and J. C. Conrad. Plaintiff Robert L. Steed's complaint was for personal injuries arising out of alleged negligent acts and omission of acts of defendants in providing Steed with an unsafe condition and failing to provide him with a safe condition in which to work. Robert L. Steed further alleges he incurred and continues to incur medical and hospital expenses and pain and suffering as a result of his fall from the ladder which was not securely fixed in a suitable manner to work when he ascended the ladder and fell, receiving serious and permanent injuries therefrom. Plaintiff Lurline Steed, alleging the same facts and circumstances as the proximate cause of injuries to her husband, contends that she has been injured as a result in the loss of consortium of her husband which permanently deprives her of the consortium of her spouse.

The defendants answered the complaints denying the claims in their entirety, and allege other defenses such as legal accident, failure of Robert L. Steed to exercise ordinary care for his own safety, that if defendants were negligent, which both emphatically deny, the negligence of Steed equaled or exceeded that of defendants; and Steed had assumed the risk of the injuries, if any, sustained by him.

The cases were tried together. The jury returned a verdict in favor of the defendants, which verdicts were thereafter made the judgment of the court. The plaintiffs appeal. *Held:*

1. The first enumeration of error contends the trial court erred in excluding plaintiff Robert L. Steed's testimony regarding his belief that defendant Conrad was an employee of defendant Steel Products Manufacturing Company and that it was the owner of the building where plaintiff Steed fell with the ladder. An objection to the question was sustained as calling for hearsay. However, no harmful error has been shown since it was thereafter shown by other testimony that the subject building where the plaintiff Steed was to perform the welding was the

building of defendant Steel Products Manufacturing Company and defendant Conrad was the employee of the co-defendant. We find no error in this complaint.

2. The plaintiffs' second enumeration contends that the trial court erred in refusing to allow plaintiffs to use a diagram and in refusing to allow plaintiffs' counsel to draw a diagram. There is no merit in this complaint for even though the court refused to allow counsel to draw the diagram, the witness, plaintiff Steed, proceeded to draw a diagram and to testify in regard thereto. Thereafter there was no exclusion of the diagram from evidence which was never tendered into evidence. There is no merit in this complaint.

3. The third enumeration is directed to the exclusion of evidence pertaining to medical bills as special damages. The question of liability was in dispute, and the jury having found in favor of the defendants any error as to the introduction of the amount of damages, if error, was harmless. *Fain & Stamps v. Southern R. Co.*, 3 Ga. App. 734, 737 (3) (60 SE 359); *Foy v. Edwards*, 118 Ga. App. 665 (2), 667 (165 SE2d 176); *Stubbs v. Greyhound Lines, Inc.*, 116 Ga. App. 58 (2), 59 (156 SE2d 474); *Hieber v. Watt*, 119 Ga. App. 5 (6), 13 (165 SE2d 899). Further, the information sought to be admitted into evidence as to medical expenses was thereafter allowed in evidence, and we find no merit in this complaint.

4. The next two enumerations of error contend that the trial court erred in excluding certain testimony and exhibits offered in evidence to show medical bills, checks, prescriptions and services involved. Again for the reason stated in Division 3, any alleged error would be harmless inasmuch as the jury has found against the plaintiffs on the issue of liability. We find no merit in these complaints.

5. The next enumeration of error complains of the admission into evidence testimony of a doctor who had treated plaintiff Robert L. Steed some three years prior to the alleged incident involved in this suit as being irrelevant since he was being treated for a condition at that time which did not involve his injuries here. Plaintiffs' argument now is that defendants failed to show the unavailability of this doctor, and the trial court erred in not requiring a showing of the witness' unavailability,

citing *Bldg. Assoc. v. Crider,* 141 Ga. App. 825, 828 (6) (234 SE2d 666). However, one cannot object at the trial on one ground and then on appeal consider issues not raised during the trial. See *Buck Creek Industries, Inc. v. Williams-East, Inc.,* 130 Ga. App. 813, 816 (204 SE2d 787). This enumeration of error is not meritorious.

6. The seventh enumeration of error contends the trial court erred in failing to charge upon counsel for plaintiffs' oral request when given a suitable opportunity to object to the charge that in referring to the defendants Steel Products Manufacturing Company and Conrad that the court should have instructed the jury some provision that this included their agents or servants or employees inasmuch as the corporation itself could not have erected the ladder, the physical object from which the plaintiff Robert L. Steed allegedly fell, and a provision should have been added to the charge as to any negligence of any agents or employees or servants would have been imputable to the defendants. However, no written request was made in accordance with Code Ann. § 70-207 (b) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078), and we find no merit in this complaint. See *Wells v. State,* 126 Ga. App. 130, 134 (3) (190 SE2d 106).

Nor did the trial court err in failing to charge without written request that the owner of a building might be liable for injuries sustained if the owner had reason to think there were dangerous conditions present.

The charge as a whole was correct, and the court did correctly charge the jury on the duties and legal relationships of the parties in this case governing the issues raised. We find no merit in these complaints.

7. In Enumeration 9 it is contended that the "Trial Court erred in failing to charge that the owner of a building could not create a dangerous condition detrimental to invitees." Again there was no written request to charge thereon, and this enumeration of error is not meritorious. *Arnold v. DeKalb County Hospital Auth.,* 148 Ga. App. 361 (3) (251 SE2d 382). It is noted from the court's charge that the trial court did instruct the jury as to the duty to exercise ordinary care at the time and place in question, the duty of owners and occupiers owed to invitees, and the charge as given without any

written request was sufficient under the circumstances.
*Judgment affirmed. Banke and Underwood, JJ., concur.*

Submitted October 16, 1979 — Decided November 15, 1979.

*Harold A. Miller, III,* for appellants.
*N. Forrest Montet,* for appellees.