59689, 59690. HERMAN v. BOYER (two cases).

CARLEY, Judge.

Anita Herman and her husband, Richard Herman, initiated companion actions against Donald Boyer for damages resulting from an automobile collision caused by Boyer in which Mrs. Herman was injured. The Hermans bring the instant appeals from a judgment entered upon jury awards of $10,000 to Mrs. Herman in Case No. 59689 and $15,000 to Mr. Herman in Case No. 59690.

1. In their first enumeration of error the Hermans contend that the trial court erred in overruling their motions for new trial based solely on the general grounds. We disagree.

"As to the general grounds, we are bound by the 'any evidence' rule. It is our duty to pass on the sufficiency, not the weight of the evidence. If we determine there is some evidence to support the verdict under any reasonable view taken of the questions submitted to the jury, we will affirm." *Weatherspoon v. K-Mart Enterprises,* 149 Ga. App. 424 (5) (254 SE2d 418) (1979). As will be set forth in greater detail in Division 2 of this opinion, we find that the evidence presented in these cases amply supported the verdicts.

2. The Hermans' second enumeration of error focuses on their argument that the "verdicts and judgments [rendered in these cases] are inadequate as a matter of law." More specifically, they assert that the jury award of $15,000 in Case No. 59690 was grossly inadequate to compensate Mr. Herman for his loss of consortium and medical expenses claims, and that the $10,000 award in Case No. 59689 was similarly inadequate to compensate Mrs. Herman for her pain and suffering.

The evidence presented in these cases clearly establishes that Mr. Herman could have recovered *no more than* $14,419 on his claim for medical expenses. Even assuming that the jury did in fact award Mr. Herman the entire amount of medical expenses requested by him and that the remainder of the total award of $15,000 represented compensation for his claim of loss of consortium (an assumption which cannot be tested due to the form of the verdict returned in this case), the verdict would still be within the range of awards permitted by the evidence. .

In addition, the Hermans have completely failed to support their argument that the jury award of $10,000 in Case No. 59689 was inadequate as a matter of law to compensate Mrs. Herman for the pain and suffering which resulted from the collision. "Every presumption is in favor of the validity of a verdict, and it should be construed so as to stand, if practicable." *Barnes v. Cornett,* 134 Ga. App. 120 (213 SE2d 703) (1975). The Hermans' attack on the adequacy of the verdicts rendered in the instant cases is without merit.

3. The Hermans next enumerate as error the giving of a cautionary charge by the trial court. The text of the charge is as follows: "Now, ladies and gentlemen, the law does not permit you in arriving at your verdict in these cases to be governed by sympathy or prejudice for either party. You may not, therefore, base your verdict in this case upon sympathy for or prejudice against either party. On the contrary, your verdict must be supported by the evidence and

based upon the law as given you in charge by the Court."

While this court has held that "[c]autionary instructions are not favored since in most instances they are productive of confusion and tend to restrict the jury's untrammeled consideration of the case," *Butler v. Kane,* 96 Ga. App. 521 (3) (100 SE2d 598) (1957), we find no error in the giving of a cautionary instruction in the instant case. The claims against Boyer arose from an automobile collision in which Mrs. Herman sustained disfiguring injuries to her jaw, teeth and face. Boyer admitted liability for the collision, and the cases were tried on the issue of damages alone. Under these circumstances no error can be ascribed to cautioning the jury against being influenced by sympathy towards either party. See *Bailey v. Todd,* 126 Ga. App. 731 (14) (191 SE2d 547) (1972).

4. In their fourth enumeration of error the Hermans contend that the trial court erred in giving the following charge on the concept of proximate cause: "I instruct you that the plaintiffs may recover only such damages, if any, which were proximately caused by the negligence of the defendant, growing out of the incident of March 10, 1977 and such damages which were reasonably foreseeable consequences of the injury, including the negligence, if any, of others which may include the unskilled treatment by a physician, if any. I charge you, however, the plaintiffs would not be entitled to recover for damages which were not reasonably foreseeable consequences of the original injury."

The Hermans specifically argue that this charge improperly permitted the jury to conclude that if "somewhere during the course of treatment received by Anita K. Herman a dentist rendered improper or inadequate treatment and that if as a result of his treatment, new independent injuries were sustained, then no further award would be required." We reject this argument and hold that the trial court's charge on proximate cause was authorized by the evidence presented in the instant cases. The Hermans have conceded that "three additional teeth [not damaged in the collision] required root canal treatment as a partial consequence of the restorative dentistry procedures undertaken by [one of the dentists having treated Mrs. Herman]." The question of whether the dental problems suffered by Mrs. Herman as a result of such "restorative" procedures constituted a separate and distinct injury for which Boyer would not be liable was properly submitted to the jury by the trial court's instruction on proximate cause. See *Parks v. Palmer,* 151 Ga. App. 468 (260 SE2d 493) (1979); *Gibson v. Mitchell,* 131 Ga. App. 321 (205 SE2d 421) (1974).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED APRIL 9, 1980 — DECIDED MAY 14, 1980 —

A. *Russell Blank, Baxter H. Finch,* for appellants.
*Dennis J. Webb,* for appellee.