68889. STINSON v. IOWA DEPARTMENT OF SOCIAL SERVICES.
(323 SE2d 917)

BENHAM, Judge.

Acting under the auspices of the Uniform Reciprocal Enforcement of Support Act (URESA) (OCGA § 19-11-40 et seq.), appellee sought reimbursement and child support from appellant, a resident of DeKalb County. See OCGA § 19-11-55 (a); Iowa Code Ann. § 252A.6 (3). Appellant admitted that he had had sexual intercourse with the child's mother nine months prior to the child's birth and acknowledged that he had previously stipulated to paternity in Iowa courts. In the DeKalb County proceeding, however, he denied paternity of the child and asked that blood tests be conducted. Human leukocyte antigen (HLA) tests were conducted on blood samples from appellant, the child, and the child's mother, and the test results indicated a 99.9% probability that appellant had fathered the child. The trial court found appellant to be the child's father and ordered him to make monthly child support payments to the DeKalb County Adult Probation Office. See OCGA § 19-11-65 (2). On appeal, appellant continues to contest the court's finding of paternity.

The trial court was authorized to adjudicate the paternity issue raised by appellant. OCGA § 19-11-66. Inasmuch as the record contained evidence which supports the trial court's finding of fact, we will affirm that decision. See *Herman v. Boyer*, 154 Ga. App. 617 (1) (269 SE2d 107) (1980).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 16, 1984.

James Alan Stinson, *pro se.*
Robert E. Wilson, *District Attorney,* Robert E. Statham, *Assis-*

*tant District Attorney*, for appellee.